BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
Facsimile: (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. HOFFMAN; CHAD ORRIN; JENNIFER SENSIBA; and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California,<br><br>Defendants. | Case No.: **'24CV0664 CAB MMP**<br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF** |

Christopher J. Hoffman; Chad Orrin; Jennifer Sensiba; and Firearms Policy Coalition, Inc. complain of Defendant Rob Bonta, in his official capacity as Attorney General of California, and allege as follows:

**INTRODUCTION**

1. In *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), the Supreme Court held that the law-abiding citizens of this Nation have a "general right to publicly carry arms for self-defense" and therefore states cannot condition exercise of that right on the showing of an atypical need for self-defense.

2. California, however, prevents law-abiding citizens of the United States who do not reside in California from exercising their constitutionally protected right to carry loaded, operable firearms in public. State law generally prohibits individuals from carrying firearms either openly or concealed in public, and non-residents are not eligible for a license to carry a firearm in public. Indeed, California's unconstitutionally restrictive scheme provides no path for non-residents to carry a firearm lawfully in public at all. As a result, individuals like Plaintiffs Hoffman, Orrin, and Sensiba, who have been issued carry licenses in their respective home states (and are allowed by other states that either do not require a license, or which offer reciprocity based upon the license(s) they hold), are barred from lawfully carrying a firearm in public for self-defense when they visit California.

3. This ban is unconstitutional. Individuals like Plaintiffs do not lose protection of their rights under the First Amendment's speech or religion clauses when they cross state lines. Nor do they lose their protections under the Fourth Amendment's prohibition on unreasonable searches and seizures. They likewise do not surrender their Second Amendment protected rights when they travel outside their home state. *Cf. Bruen*, 597 U.S. at 24 (standard adopted in *Bruen* "accords with how we protect other constitutional rights"), *id.* at 70 (observing that "[w]e know of no other constitutional right that an individual may exercise only after demonstrating to government officers some special need" and contrasting operation of First

Amendment and Sixth Amendment). California's prohibition on non-resident carry violates the Second and Fourteenth Amendments to the United States Constitution as well as Article IV of the same. This Court should enter a judgment that declares California's non-resident carry ban unconstitutional and enjoins Defendant (and all those under Defendant's supervision, including sheriffs) from enforcing the residency requirement for carry applications with respect to otherwise qualified individuals who are not California residents.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, because this Complaint seeks relief afforded by 42 U.S.C. § 1983, for past, continuing, and/or imminent violations of Plaintiffs' rights arising under the United States Constitution.

5. Venue is proper under 28 U.S.C. § 1391(b). Venue is also proper under 28 U.S.C. § 1391 because California's venue rules permit this action to be filed in San Diego County, where the Attorney General and California Department of Justice maintain an office. *See* CAL. CODE CIV. PRO. § 401(1).

## THE PARTIES

9. Plaintiff Christopher J. Hoffman is a resident of Pittsburgh, Pennsylvania. He has an active license to carry a concealed weapon ("CCW") issued by the Allegheny County Sheriff's Office. Hoffman lived in California until 2012, and frequently returns to San Diego County to visit family and friends.

10. Plaintiff Hoffman held a CCW issued by the San Diego County Sheriff's Office on multiple occasions starting in 1990 until he moved to Nevada in 2012. Hoffman was issued a CCW by the Las Vegas Metropolitan Police Department in 2012, and currently has an active CCW issued by the Allegheny County Sheriff's Office in Pennsylvania.

11. Plaintiff Hoffman desires to carry a firearm in public for self-defense while he visits California and would do so if California law permitted him to. Plaintiff

1  Hoffman has refrained from carrying a firearm in public for self-defense in California
2  because of the State's laws prohibiting non-residents from carrying firearms in public.
3  Plaintiff Hoffman does not have a principal place of business or employment in
4  California. Nothing apart from his residency prevents Plaintiff Hoffman from carrying
5  a firearm in public; indeed, apart from the residency requirement, Plaintiff Hoffman
6  satisfies all criteria for a California CCW license. Plaintiff Hoffman is a member of
7  Firearms Policy Coalition, Inc. ("FPC").

8      12.    Plaintiff Chad Orrin is a resident of Idaho. Under Idaho law, Orrin has
9  the right to carry a concealed firearm without a license. Before moving to Idaho in
10 2020, Orrin held a CCW issued by the Placer County Sheriff's Office. Before moving
11 to Placer County, Orrin lived in Madera County, where he held a CCW license issued
12 by the Madera County Sheriff's Office for several years. Orrin has also held a
13 nonresident CCW license in the state of Utah.

14     13.    Plaintiff Orrin desires to carry a firearm in public for self-defense while
15 he visits California and would do so if California law permitted him to. Plaintiff Orrin
16 has refrained from carrying a firearm in public for self-defense in California because
17 of the State's laws prohibiting non-residents from carrying firearms in public. Plaintiff
18 Orrin does not have a principal place of business or employment in California.
19 Nothing apart from his residency prevents Plaintiff Orrin from carrying a firearm in
20 public; indeed, apart from the residency requirement, Plaintiff Orrin satisfies all
21 criteria for a California CCW license. Plaintiff Orrin is a member of FPC.

22     14.    Plaintiff Jennifer Sensiba is a resident of New Mexico. Sensiba has an
23 active CCW license issued by the New Mexico Department of Public Safety; she also
24 has an active nonresident CCW valid in the state of Utah. Plaintiff Sensiba previously
25 held CCW licenses in Arizona and Texas. Plaintiff Sensiba is a certified firearms
26 instructor.

27     15.    Plaintiff Sensiba desires to carry a firearm in public for self-defense
28 while she visits California and would do so if California law permitted her to. Plaintiff

Sensiba has refrained from carrying a firearm in public for self-defense in California because of the State's laws preventing non-residents from carrying firearms in public. Plaintiff Sensiba does not have a principal place of business or employment in California. Nothing apart from her residency prevents Plaintiff Sensiba from carrying a firearm in public; indeed, apart from the residency requirement, Plaintiff Sensiba satisfies all criteria for a California CCW license. Plaintiff Sensiba is a member of FPC.

16. Plaintiff Firearms Policy Coalition, Inc. is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside the State of California. FPC brings this action on behalf of those members who are not California residents but who are legally eligible to possess and acquire firearms and who wish to lawfully carry a firearm in public for lawful purposes including self-defense while they visit the State. Each of the individual Plaintiffs is a member of FPC.

17. Defendant Rob Bonta is the Attorney General of the State of California. The Attorney General is the chief law enforcement officer of the state, and it is his duty to ensure that California's laws are uniformly and adequately enforced. Under the California Constitution, the Attorney General has direct supervisory authority over every district attorney and sheriff and over other law enforcement officers as designated by law. CAL. CONST. art. V, sec. 13.

## GENERAL ALLEGATIONS

18. California law prohibits individuals from carrying concealed handguns in public. *See* CAL. PENAL CODE § 25400. State law likewise broadly prohibits the open carry of firearms. *See id.* § 25850 (prohibiting the open carry of a loaded firearm); § 26350 (prohibiting the open carry of an unloaded handgun in public). For typical, law-abiding individuals to lawfully carry a handgun in public in any manner, individuals must secure a license to carry a concealed weapon from their county sheriff or local police chief. *See id.* §§ 26150; 26155.

19. California's carry licensing regime is closed off to non-residents. California requires that an applicant either resides in (for a 2-year license) or has a principal place of business or employment within the local permitting jurisdiction (with the latter being for only a 90-day limited license valid only in the county in which the license was originally issued.). CAL. PENAL CODE §§ 26150(a)(3); 26155(a)(3), 26220(b). As a result, California law provides no path for non-residents to obtain the license necessary to exercise their constitutionally protected right to bear arms in public for lawful purposes without running afoul of the State's broad statutory scheme that works a total ban on carry generally.

20. The statutory scheme contains a narrow exception that permits licensing authorities to issue 90-day licenses to individuals who do not reside within a jurisdiction if they maintain a "principal place of employment or business" and "spend[] a substantial period of time in that place of employment or business." CAL. PENAL CODE §§ 26220(b); 26150(a)(3). This exception, however, appears to only be available to California residents who live in one county but work in a neighboring county. *See* CAL. PENAL CODE § 26220(b) (providing that a "licensee shall give a copy of this license to the licensing authority of the city, county, or city and county in which the licensee resides," and that a license can be renewed or extended only with the "concurrence" of "the licensing authority of the city, county, or city and county in which the licensee resides"). Even if non-residents could technically apply for a

license under the business/employment exception, this is a not a meaningful path for non-Californians to exercise their Second Amendment protected rights: Ordinary non-California residents do not have a "principal place of employment or business" in California, and, in any event, the Individual Plaintiffs do not qualify for this exception.

21. Plaintiffs are law-abiding, responsible citizens who wish to exercise their Second Amendment protected right to bear arms in public for self-defense while they visit California. The State's regulatory scheme, however, deprives Plaintiffs, and indeed all non-residents, of any path to do so. Accordingly, the provisions of the Penal Code barring them from carrying firearms in public are unconstitutional with respect to non-residents who have no path to lawfully carry in the State.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983**

**(SECOND AND FOURTEENTH AMENDMENTS)**

22. Plaintiffs incorporate here by reference paragraphs 1 through 21, *supra*, as if fully set forth herein.

23. California's non-resident carry ban violates the Second and Fourteenth Amendments. The Second Amendment is applicable to the States through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010) (incorporating through Substantive Due Process); *id*. at 805 (Thomas, J., concurring) (incorporating through the Privileges or Immunities Clause).

24. To determine whether a state's firearm restriction is constitutional, the Supreme Court in *Bruen* explained that "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24.

25. *Bruen* has already established that the Second Amendment covers Plaintiffs' proposed conduct here—carrying arms publicly for self-defense and other lawful purposes. *Id.* at 31–32. As such, the Second Amendment "presumptively protects" Plaintiffs' right to carry firearms in public in California. *Id.* at 24.

26. It is thus the State's burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19; *see also id.* at 60 ("[W]e are not obliged to sift the historical materials for evidence to sustain New York's statute. That is respondents' burden.").

27. California cannot meet this burden. There is no well-established and representative historical tradition of prohibiting law-abiding citizens who cross state lines from bearing arms. Accordingly, the residency restrictions in CAL. PENAL CODE §§ 26150(a)(3) and 26155(a)(3) violate the Second Amendment.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## (PRIVILEGES AND IMMUNITIES)

28. Plaintiffs incorporate here by reference paragraphs 1 through 21, *supra*, as if fully set forth herein.

29. The Privileges and Immunities Clause of Article IV, Section 2 of the U.S. Constitution provides: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states."

30. The Founders and Framers understood the importance of ensuring that citizens could freely exercise their fundamental, constitutionally protected rights in each and every state in the Union. THE FEDERALIST NO. 42 (James Madison) ("Those who come under the denomination of free inhabitants of a State, although not citizens of such State, are entitled, in every other State, to all the privileges of free citizens of the latter; that is, to greater privileges than they may be entitled to in their own State .

. . ."), NO. 80 (Alexander Hamilton) (hailing the Privileges and Immunities Clause as "the basis of the Union").

31. This "provision was designed 'to place the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned.'" *Supreme Court of Virginia v. Friedman*, 487 U.S. 59, 64 (1988) (quoting *Paul v. Virginia*, 8 Wall. 168, 180 (1869)). The Clause "establishes a norm of comity without specifying the particular subjects as to which citizens of one State coming within the jurisdiction of another are guaranteed equality of treatment." *Austin v. New Hampshire*, 420 U.S. 656, 660 (1975). According to the Supreme Court, "the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State" is "expressly protected by the text of the Constitution," via the Privileges and Immunities Clause. *Saenz v. Roe*, 526 U.S. 489, 501 (1999) (citing U.S. CONST., Art. IV, § 2, cl. 1). Moreover, the Clause "was designed to insure to a citizen of State A who ventures into State B the same privileges which the citizens of State B enjoy." *Toomer v. Witsell*, 334 U.S. 385, 395 (1948) (citing *Paul*, 8 Wall. at 180, 181; and *Travis v. Yale & Towne Mfg. Co.*, 252 U.S. 60, 78 (1920)). And it expressly bars "discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Toomer*, 334 U.S. at 396.

32. The Second Amendment is applicable against the various states *because* it protects a fundamental right of citizens. *McDonald*, 561 U.S. at 791. Moreover, the Supreme Court recognized in *Bruen* that "[t]he Second Amendment's plain text thus presumptively guarantees . . . a right to 'bear' arms in public for self-defense." 597 U.S. at 33.

33. As set forth above, the individual Plaintiffs are law-abiding, responsible citizens who wish to carry firearms in public for self-defense while they visit California. State law, however, generally prohibits the unlicensed carry of firearms in public and prevents non-residents from obtaining the CCW license necessary to

exercise their Second Amendment protected rights—simply because they do not live in California. California's licensing scheme violates the Privileges and Immunities Clause because it favors California residents and discriminates against non-residents in the exercise of a fundamental right.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request:

1. That this Court issue a declaratory judgment that California's laws barring non-residents from carrying firearms in public are unconstitutional under the Second and Fourteenth Amendments to the United States Constitution;

2. That this Court issue a declaratory judgment that California's laws barring non-residents from carrying firearms in public are unconstitutional under the Privileges and Immunities Clause of Article IV, Section 2 of the United States Constitution;

3. That this Court issue a permanent injunction enjoining Defendant, Defendant's officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendant (including sheriffs over whom Defendant has supervisory authority) from enforcing the residency requirement for CCW applicants with respect to citizens of the United States who are not residents of California, or, in the alternative, from enforcing California's ban on carry against Plaintiffs and Plaintiff Firearms Policy Coalition's similarly situated members; and

4. That this Court award costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law, and all further relief to which Plaintiffs may be justly entitled.

Dated: April 11, 2024                    BENBROOK LAW GROUP, PC

By s/ Bradley A. Benbrook
BRADLEY A. BENBROOK
Attorneys for Plaintiffs