UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. HOFFMAN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, *in his official capacity as Attorney General of California*,<br><br>Defendant. | Case No.:  24-cv-0664-CAB-MMP<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

**IT IS HEREBY ORDERED** that an Early Neutral Evaluation ("ENE") of your case will be held on **July 31, 2024, at 9:30 a.m.**, before the Honorable Michelle M. Pettit, United States Magistrate Judge. The ENE will be held **via videoconference**[1] unless the parties request an in-person conference.[2]

---

[1] The procedures for Zoom are set forth in Appendix A to this Order.

[2] Magistrate Judge Pettit will hold the ENE in person at the parties' request. **Within fourteen days of the date of this Order**, the parties shall meet and confer to determine if an in-person ENE conference would be productive in this matter. If either party wants to proceed in person, counsel for that party shall submit the request to appear for the ENE conference in person via email (efile_Pettit@casd.uscourts.gov) with counsel for all parties copied.

**The following are mandatory guidelines for the parties preparing for the ENE:**

**1.     Purpose of Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged, and confidential.

**2.     Appearance via Videoconference Required:** All parties, adjusters for insured parties, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present via videoconference and legally and factually prepared to discuss settlement of the case.

Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official who has ultimate settlement authority.

Counsel for a non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

**3.     Full Settlement Authority Required:** In addition to counsel who will try the case, a party or party representative with full settlement authority[3] must participate in the conference. In the case of a corporate entity, an authorized representative of the corporation

---

[3] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. The person with full settlement authority must be able to negotiate a settlement without being restricted by any predetermined level of authority. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

who is not retained outside counsel must participate and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

4. **Confidential ENE Statements Required:** No later than **July 22, 2024**, the parties must submit confidential statements no more than ten (10) pages in length directly to Judge Pettit's Chambers via email (efile_Pettit@casd.uscourts.gov). Exhibits are limited to twenty (20) pages absent express permission from the Court in advance of the statement submission deadline. **These confidential statements must not be filed, and the parties are not required to serve them on opposing counsel.** Each party's confidential statement must include the following:

a. A brief description of the case including a chronology of the relevant facts and a statement of the principal facts in dispute;

b. A brief description of the legal claims, counterclaims, and defenses asserted, and a statement of the principal contested legal disputes including references to relevant statute and legal authority;

c. A specific and current demand or offer for settlement addressing all relief and remedies. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or offer. A general statement that a party will negotiate in good faith is not sufficient; and

d. A brief description of any previous settlement negotiations or mediation efforts.

5. **New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel must give notice of the ENE to all parties responding to the Complaint after the date of this notice.

**6.** **Pre-ENE Telephone Conference:** In certain cases, the Court may elect to hold a telephonic conference with counsel to prepare for the ENE. These telephonic conferences are confidential to the same extent as the ENE.

**7.** **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b). In preparation for this conference, the parties must:

  a. meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **July 1, 2024**.[4]

  b. exchange initial disclosures pursuant to Rule 26(a)(1)(A)-(D) no later than **July 24, 2024**; and

  c. file a Joint Discovery Plan on the CM/ECF system no later than **July 24, 2024**. The Joint Discovery Plan must be one document addressing each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the Joint Discovery Plan must include:

   i. **Service:** A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

   ii. **Amendment of Pleadings:** The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

   iii. **Protective Order:** Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

---

[4] The Court considers discovery to be open after the parties have met and conferred pursuant to Fed. R. Civ. P 26. *See* Fed. R. Civ. P. 26(d)(1). In the event the Court is unable to set the ENE within the standard forty-five-day timeframe after the filing of the first answer, the Court will take the deadline for the Rule 26(f) conference into account when setting the case schedule during the CMC.

      iv.    **Privilege:** The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

      v.    **Evidence Preservation:** Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

      vi.    **Electronic Discovery:** In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

      vii.    **Discovery:** In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes;

      viii.    **Related Cases:** Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

      ix.    **Scheduling:** Proposed dates for fact discovery cutoff, expert designations and disclosures, expert discovery cutoff, filing of dispositive motions, filing class certification motion (if class is alleged), pretrial conference and trial;

      x.    **Professional Conduct:** Whether all attorneys of record for the parties have reviewed Civil Local Rule 2.1 on Professionalism; and

      xi.    **Miscellaneous:** Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

//

**8.     Requests to Continue an ENE Conference:** Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Requests to continue ENEs are rarely granted. An ENE may be rescheduled upon a showing of good cause and adequate notice to the Court. Absent extraordinary circumstances, requests for continuances of the ENE will not be considered unless submitted **in writing** no less than seven (7) calendar days before the ENE. All requests for continuances must be made by a joint motion and state the following:

   a.   The original date;

   b.   The number of previous requests for continuances;

   c.   A showing of good cause for the request;

   d.   Whether the request is opposed and why;

   e.   Whether the requested continuance will affect other case management dates; and

   f.   A declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

**All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person,** *i.e.***, cannot be driving or in a car while speaking to the Court. All participants shall appear and conduct themselves as if it is proceeding in a courtroom, including by dressing in appropriate courtroom attire.**

**IT IS SO ORDERED**.

Dated: May 20, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge

**Appendix A – Zoom Videoconference Procedures**

1. The Court will use its official Zoom video conferencing account to hold the ENE. The Zoom software is available for download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[5] There is a cost-free option for creating a Zoom account.

2. Prior to the start of the ENE, the Court will e-mail counsel the meeting login information required to join the Zoom video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. All participants will be placed in a waiting room until the ENE begins.

3. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the ENE begins promptly.

4. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE.[6] That is, the Court will begin the ENE with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls "Breakout Rooms." In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and

---

[5] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

[6] **Each participant is expected to have a functioning camera**. In the event a participant will not have access to a functioning camera for the ENE, counsel or the party if representing themselves must notify the Court immediately to make other arrangements, such as appearing in person for the ENE conference, to ensure the Court can conduct the ENE as it ordinarily would conduct an in-person ENE.

counsel to communicate confidentially without the Court.

5. No later than **July 22, 2024**, counsel for each party shall send an e-mail to the Court at efile_Pettit@casd.uscourts.gov containing the following:

    a. The name and title of each participant, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    b. An e-mail address for each participant to receive the Zoom videoconference information; and

    c. The name and cell phone number for that party's preferred point of contact for the Court to use during the conference to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, *i.e.*, cannot be driving or in a car while speaking to the Court. All participants shall appear and conduct themselves as if it is proceeding in a courtroom, including by dressing in appropriate courtroom attire.