BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
NICHOLAS R. GREEN
Deputy Attorney General
CHRISTINA R.B. LOPEZ (SBN 312610)
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6106
E-mail: Christina.Lopez@doj.ca.gov

Attorneys for Defendant
Rob Bonta, Attorney General of California

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. HOFFMAN; CHAD ORRIN; JENNIFER SENSIBA; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of California, <br><br> Defendants. | Case No.: 3:24-cv-664-CAB-MMP <br><br> **JOINT DISCOVERY PLAN** |

On June 25, 2024, counsel for Plaintiffs Christopher J. Hoffman; Chad Orrin; Jennifer Sensiba; and Firearms Policy Coalition, Inc. ("Plaintiffs") and Defendant Attorney General Rob Bonta ("Defendant") (collectively "the Parties") held a conference in accordance with Federal Rule of Civil Procedure 26(f) and the Court's May 20, 2024 Notice and Order, ECF No. 9.

During that conference, the Parties discussed the matters required by Federal Rule 26(f) and orders of this Court. The Parties now submit this Joint Discovery Plan.

## RULE 26(f) DISCOVERY ISSUES

**A.    Rule 26(a) Disclosures (FRCP 26(f)(3)(A))**

Pursuant to the Court's May 20, 2024 order, the service of initial disclosures shall occur on or before July 24, 2024. The Parties do not anticipate any changes to the timing, form, or requirement for such disclosures.

**B.    Anticipated Scope of Discovery (FRCP 26(f)(3)(B))**

In accordance with Federal Rule 26(f)(3)(B), the Parties agree that discovery will be conducted on the allegations and claims contained within Plaintiffs' Complaint and the denials and defenses raised in Defendants' Answer, and any amendments thereto.

*Plaintiffs' Position*

Given the nature of Plaintiffs' challenge to the constitutionality of California's regulation of the right to carry handguns publicly for self-defense, Plaintiffs do not currently intend to conduct written discovery or notice the depositions of percipient witnesses.

Furthermore, Plaintiffs oppose the use of expert witnesses in this case, on the grounds that the constitutional issues presented by the complaint implicate no evidentiary issues at all (other than minimal inquiry into Plaintiffs' standing). Addressing a similar challenge on appeal, the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) reversed a decision granting a motion to dismiss and, rather than remanding for discovery (expert or otherwise), summary judgment,

and (if necessary) trial, it ordered judgment entered for plaintiffs noting "there [were] no evidentiary issues in [the] case[]" because "the constitutionality of the challenged statutory provisions [did] not present factual questions for determination at trial" but rather turned on "legislative facts," *i.e.*, "facts that bear on the justification for legislation, as distinct from facts concerning the conduct of the parties in a particular case." The same reasoning applies here, and the facts bearing on the justification for the challenged legislation can be addressed in briefing and argument, just as they were in *Moore* and in other cases presenting issues similar to this case. *See, e.g.*, *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 5 F.4th 407 (4th Cir. 2021), vacated as moot, No. 19-2250, slip op. at 7 (Sept. 22, 2021); *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013); *Nat'l Rifle Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185 (5th Cir. 2012). Furthermore, both *Bruen* and the recent decision in *Rahimi* underscore that such expert evidence is unnecessary: In neither case did the Court cite or discuss expert evidence, and in both cases the Court emphasized that the task of analogical reasoning is "a commonplace task for any lawyer or judge." *Bruen*, 597 U.S. at 28; *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024) (quoting *Bruen*).

*Defendant's Position*

Defendant does not anticipate any need to modify the scope of discovery as set forth in the Federal Rules of Civil Procedure, but reserves the right to seek appropriate, relevant discovery, including through the use of requests for production, interrogatories, requests for admission, and deposition testimony. In particular, Defendant anticipates seeking written and testimonial discovery from Plaintiffs with respect to the substance of their claims and their standing to pursue them.

Defendant further reserves the right to designate expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2). Following the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022), the Court must first determine whether "the Second Amendment's plain text covers an individual's conduct," and—if it

does—"[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." As the Supreme Court recently explained in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition" and the court "must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit," bearing in mind that "when a challenged regulation does not precisely match its historical precursors, 'it still may be analogous enough to pass constitutional muster.'" *Id.* at 1898 (quoting *Bruen*, 597 U.S. at 30).

In Second Amendment litigation post-*Bruen*, evidence of historical firearms regulation is commonly presented in the form of expert testimony from professional historians. *See, e.g.*, *Vermont Fed. of Sportsmens' Clubs v. Birmingham*, 2024 WL 2150522 (D. Vt. May 14, 2024) (denying Plaintiff's *Daubert* motion to exclude expert testimony in post-*Bruen* litigation); *Rupp v. Bonta*, 2024 WL 1142061 (C.D. Cal. March 15, 2024), at *13–14 (rejecting challenge to expert testimony in post-*Bruen* litigation). Each of the authorities Plaintiffs cite in support of their position that expert testimony is unnecessary are inapposite because each predates *Bruen*. Defendant anticipates designating one or more experts who will offer testimony related to the Nation's historical tradition of regulating the concealed carry of firearms and enforcing firearms licensing schemes.

**C.    Electronically Stored Information (FRCP 26(f)(3)(C))**

The Parties do not anticipate any issues related to disclosure, discovery, or preservation of electronically stored information. Should any such issues arise, the Parties will promptly confer in good faith to resolve them.

**D.    Privilege Issues (FRCP 26(f)(3)(D))**

The Parties reserve their rights to assert all applicable privileges and protections from disclosure, but do not presently anticipate any issues related to such claims. Should any issues arise, the Parties will promptly confer in good faith to resolve them.

**E.     Changes to Discovery Limitations (FRCP 26(f)(3)(E))**

The Parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The Parties reserve the right to seek leave of Court to change discovery limitations if necessary.

**F.     Other Discovery & Scheduling Orders (FRCP 26(f)(3)(F))**

The Parties do not currently request that the Court issue any other orders under Rule 26(c) or under Rule 16(b) and (c).

## ADDITIONAL MATTERS

Pursuant to paragraph 7(c) of the Court's May 20 order, the Parties provide the following information:

i.     <u>Service</u>. All parties have been served.

ii.    <u>Amendment of Pleadings</u>. Neither Plaintiffs nor Defendant expects to add parties, claims, or defenses at this time. Should that change in the future, the Parties will confer in good faith in an attempt to stipulate to the amendment of pleadings.

iii.   <u>Protective Order</u>. The Parties do not currently contemplate that a protective order will be necessary. If circumstances arise that require a protective order, the Parties will work in good faith to prepare a stipulated protective order for the Court's approval. The Parties reserve all rights under Fed. R. Civ. P. 26(c) to seek a protective order from the Court.

iv.    <u>Privilege</u>. The Parties do not currently anticipate any disputes related to privilege or other protections from disclosure. The Parties do not currently anticipate a need for an order pursuant to Fed. R. Evid. 502(d) but reserve their right to seek such an order should one become necessary.

v.     <u>Evidence Preservation</u>. The Parties agree to adhere to their obligations to preserve evidence and do not currently anticipate any issues related to the preservation of evidence.

vi.  <u>Electronic Discovery</u>. The Parties agree to adhere to the requirements of Fed. R. Civ. P. 26(b)(2)(B) and 34(b)(2) with respect to the production of electronically stored information. The Parties do not currently anticipate any disputes regarding the production of electronically stored information.

vii.  <u>Discovery</u>. The Parties have not taken any discovery to date, do not propose any limitations or modifications of the discovery rules, and have not had any discovery disputes.

viii.  <u>Related Cases</u>. Plaintiffs' third (Second Amendment), sixth (equal protection), and seventh (privileges and immunities) claims for relief in *Cal. Rifle & Pistol Ass'n, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, C.D. Cal. No. 2:23-cv-10169 concern the constitutionality of California's restriction on the ability of non-residents to obtain concealed carry permits. The Parties are not aware of any other pending related cases or proceedings.

ix.  <u>Scheduling</u>.

*Plaintiffs' Position*

Plaintiffs object to expert discovery as explained above. Following limited discovery, as appropriate, Plaintiffs contend that dispositive motions should be filed by September 27, 2024.

*Defendant's Position*

Defendant does not waive the right to designate expert witnesses under Rule 26 and specifically opposes limiting expert discovery in this action. Defendant proposes the following schedule:

- Fact Discovery Cutoff: October 24, 2024
- Expert Designations and Disclosures: January 31, 2025
- Expert Discovery Cutoff: March 21, 2025
- Plaintiffs' Dispositive Motion Due: April 18, 2025
- Defendant's Opposition to Plaintiffs' Dispositive Motion / Cross-Dispositive Motion Due: May 23, 2025

1    • Plaintiffs' Reply and Opposition to Defendant's Cross-Dispositive
2      Motion Due:  June 27, 2025
3    • Defendant's Reply Due:  July 18, 2025

The Parties expect that the case will be suitable for resolution through cross-motions for summary judgment once discovery is complete and, accordingly, request that the Court forgo setting pretrial conference and trial dates at this time.

x.   <u>Professional Conduct</u>. All attorneys of record for the parties have reviewed Civil Local Rule 2.1 on Professionalism and agree to abide by the Court's Code of Conduct.

xi.   <u>Miscellaneous</u>. There are no further matters that the Parties would like the Court to address at this time.

Respectfully submitted,

Dated:  July 24, 2024                    Respectfully submitted,


s/ Stephen M. Duvernay
STEPHEN M. DUVERNAY
Benbrook Law Group, PC
*Attorneys for Plaintiffs*

Dated:  July 24, 2024                    Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
NICHOLAS R. GREEN
Deputy Attorney General

s/ Christina R.B. Lopez
CHRISTINA R.B. LOPEZ
Deputy Attorney General
*Attorneys for Defendant*