BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
KRISTI HUGHES
Deputy Attorney General
WILL SETRAKIAN (SBN 335045)
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6668
E-mail: William.Setrakian@doj.ca.gov

Attorneys for Defendant Attorney General Rob Bonta, in his Official Capacity

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. HOFFMAN; CHAD ORRIN; JENNIFER SENSIBA; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROB BONTA, in his official capacity as Attorney General of California, <br><br> Defendants. | Case No.: 3:24-cv-664-CAB-MMP <br><br> **JOINT REPORT REGARDING PROPOSED ORDER FOR AN INJUNCTION FOLLOWING CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> Dept: 15A <br> Judge: The Honorable Cathy Ann Bencivengo <br> Action Filed: 4/11/2024 |

Pursuant to the Court's July 1, 2025 Order Granting Motion for Summary Judgment in Part and Denying Cross-Motion for Summary Judgment in Part, ECF No. 22, Plaintiffs Christopher J. Hoffman; Chad Orrin; Jennifer Sensiba; and Firearms Policy Coalition, Inc. and Defendant Attorney General Rob Bonta submit this joint report regarding a proposed order for an injunction.

Plaintiffs do not believe a hearing on this joint report is necessary and respectfully ask that the Court enter an appropriate injunction without a hearing so that Plaintiffs suffer no further delay in remedying their constitutional harm. Defendant, on the other hand, believes that a hearing on the injunction terms could enable the parties to address the competing concerns addressed below and also address any questions that the Court may have. Counsel for the Plaintiffs and Defendant are available for a hearing on this joint report, should the Court wish to hold one.

The parties have met and conferred on several occasions regarding a proposed injunction and have been unable to reach agreement. The parties have exchanged four separate draft injunctions, including related email correspondence. They also have had four calls aimed at identifying and resolving their issues. The parties have also engaged in substantive communication via email regarding the injunction. Despite this fulsome meet-and-confer process, the parties have not reached agreement on terms for the Court owing to their distinct concerns about the injunction's precise terms and effect. The parties therefore provide a brief summary of their competing positions below and have attached to this joint report a copy of their respective proposed orders for an injunction.

### Plaintiffs' Position on Scope of Injunction

Permanent injunctive relief should track the scope of the relief sought in their complaint. To that end, Plaintiffs have prepared a straightforward proposed permanent injunction based on the complaint and limited to Firearms Policy Coalition's non-resident members. *See* Compl., ECF No. 1, at 10 (Prayer for Relief, ¶ 3). This approach conforms with the mandates of Federal Rule of Civil Procedure 65(d).

DOJ's proposed carry license application criteria and processes concern how the State intends to comply with the permanent injunction, but it is not necessary that they be included as part of the injunction itself. How the Attorney General effectively and timely achieves compliance with the permanent injunction is, subject to statutory and constitutional limits, up to the State.

DOJ's proposed injunction also raises questions about the reach of the Court's authority to bind some or all of the nonparty licensing authorities (*i.e.*, county sheriffs and local police chiefs) that are responsible for processing applications and issuing licenses to nonresident CCW applicants. The Attorney General has the duty to see that the laws of the State are uniformly and adequately enforced, and he accordingly has direct supervisory authority over the sheriffs and other law enforcement officers who process CCW applications. *See, e.g.*, Cal. Const. art. V, § 13; Cal. Gov. Code § 12524. This authority confirms that the licensing authorities at a minimum are "in active concert or participation" with Defendant in the enforcement of California's laws and regulations for CCW application and licensure. *See* Fed. R. Civ. Proc. 65(d)(2)(C).

Plaintiffs object to the inclusion or reference to AB 1078 in the proposed injunction. If that legislation passes and it is signed into law, Defendant can seek to modify or dissolve the injunction if such relief is warranted. *See Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). It is neither necessary nor appropriate to include any statement about pending legislation in the Court's injunction.

Plaintiffs likewise object to Defendant's position that the injunction in this case must be dictated by the terms negotiated between the parties in *Cal. Rifle & Pistol Ass'n, Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037 (C.D. Cal. 2024), in the preliminary injunction posture. As one example, the *CRPA* injunction requires nonresidents to identify a specific location they intend to visit within the ensuing twelve months, and to submit a CCW application to the relevant licensing authority. The Individual Plaintiffs and FPC's nonresident members should be free to apply to the licensing authority of their choice—or to DOJ directly—and not be

subject to an arbitrary restriction requiring that they forecast travel plans a year in advance.

To that end, the Attorney General, through the California Department of Justice, operates the Bureau of Firearms; creates and implements the State's CCW application forms and conducts background checks for CCW applicants; operates the California Firearms Application Reporting System (CFARS) online system (where in- and out-of-state firearm owners and dealers apply to the DOJ for various firearm-related licenses); operates the State's criminal history and firearms databases; and oversees and administers California's firearms laws and regulations. To the extent that the Court issues a mandatory injunction to compel the Defendant to perform certain duties and obligations to implement a prohibitory injunction and the related declaratory judgment, the injunction should be issued against the Attorney General and not non-parties.

Put simply, now that this Court has issued a final determination that California's nonresident carry ban is unconstitutional, Plaintiffs rights cannot be held hostage by DOJ's assertions of administrative convenience. If there are administrability concerns about treating applicants equally, the appropriate course is the modify the *CRPA* injunction to align with the result in this case, not to force the Plaintiffs here into lockstep with a case where only interim relief has been issued.

Finally, although the parties disagree on the appropriate content of the injunction, Plaintiffs request that the Court consider each party's proposal and enter the injunction it prefers without delay. The Individual Plaintiffs and Firearms Policy Coalition's nonresident members are eager to secure their Second Amendment protected rights.

Plaintiffs' proposed injunction is attached as Exhibit A.

### Defendant's Position on Scope of Injunction

The Court should adopt Defendant's proposed injunction, attached as Exhibit B, for several reasons.

First, Defendant's proposed injunction addresses several issues regarding California law that Plaintiffs' injunction does not address and that, if left unaddressed, would spawn confusion for Carry Concealed Weapon (CCW) licensing authorities and members of Plaintiffs' organization. Plaintiffs' suit challenged the constitutionality of Penal Code ("PC") section 26155(a)(3). But enjoining only section 26155(a)(3) (and a similar provision in section 26150(a)(3)), as Plaintiffs' proposed injunction does, would create issues for both non-resident members of Plaintiffs' organization seeking a CCW license and licensing authorities—sheriff's offices and police departments—attempting to process such applications. For example, under California law, an applicant must, among other things, 1) present a California driver's license or identification (PC § 26150(a)(2)); (2) complete a training and firing exercise in California (PC § 26165); (3) complete an in-person interview in California (PC § 26202(b)(1)); and (4) complete fingerprinting in California for a firearms eligibility check (PC § 26185(a)).

Defendant's proposed injunction addresses each of these issues. Ex B, ¶¶ 3, 5, 6, 7, 8. Plaintiffs' addresses none of them. Accordingly, if the Court enters Plaintiffs' injunction, non-resident FPC members and California licensing authorities would have to comply with these laws. Additionally, the disqualified person determination in PC 26202 describes disqualifying offenses with reference to only California statutes; Defendant's proposed injunction accounts for this by providing that all California laws cited in PC section 26202(a) "shall be construed to include comparable statutes and provisions of law of the Nonresident Applicant's home state." Ex. B, ¶ 4.

Adding to these practical concerns alleviated by Defendant's thorough proposed injunction is a significant operational issue. Defendant's proposal not only provides a framework for allowing non-residents to apply for CCW licenses; it also tracks the negotiated preliminary injunction issued against the State on behalf of four national firearms groups in *California Rifle & Pistol Association v. Bonta*, case

number 2:23-cv-10169 in the United States District Court for the Central District of California, at ECF No. 81. This preliminary injunction (the *CRPA* injunction) has been in effect since April 22, 2025, and CCW licensing authorities have since been accepting CCW applications from non-residents who are members of the four plaintiff groups in that case. Defendant has issued guidance to CCW licensing authorities on implementing the *CRPA* injunction, which is available at https://oag.ca.gov/system/files/media/2025-dle-10.pdf. It would substantially benefit workability and enforceability if the injunction in this case aligned with the *CRPA* injunction. If the two injunctions are not aligned, differences between the two injunctions may confuse licensing authorities and members of both FPC and groups covered by the *CRPA* injunction, and lead to disparate outcomes between groups covered by the injunctions, severely complicating implementation.

Defendant's proposed injunction also accounts for pending legislation that could institute a new legal regime regarding non-residents' CCW applications that is similar to the provisions in the *CRPA* injunction and the Defendant's proposed injunction here. California Assembly Bill 1078, currently pending in the Legislature, would change California law to, among other things, create a pathway for eligible non-residents to apply for California CCWs. *See* Bill Information, California Legislative Information, https://leginfo.legislature.ca.gov/faces/home.xhtml (last visited July 30, 2025). This bill has passed the State Assembly and is currently scheduled for a hearing before the State Senate Appropriations Committee after having passed the State Senate Public Safety Committee. The Legislature has until September 12, 2025 to pass the bill and, if passed, the Governor has until October 12, 2025 to sign the bill. If enacted, the relevant portions of the bill would take effect on January 1, 2026.

Defendant wishes to avoid a situation in which the Court enters a permanent injunction in a field in which the State's democratically elected representatives are currently legislating, such that the injunction and legislation end up enacting different

legal regimes. *See Penn Cent. Corp. v. U.S. R.R. Vest, Corp.*, 834 F. Supp. 1075, 1077 (N.D. Ind. 1993) (discussing unwillingness to enter a permanent injunction "in the hope that proposed legislation would correct any constitutional infirmity in [the challenged law] and eliminate the need for the court to engage in the unenviable, but constitutionally mandated, task of determining whether to invalidate the product of a state legislative body"). Defendant thus seeks a provision in the injunction requiring the parties to meet and confer if AB 1078 is signed into law, after which the parties will submit a statement to the Court regarding AB 1078's effect on this injunction. Ex. B at ¶ 15.

In addition, the parties bound by the injunction should be limited to the Defendants, the Defendant's officers, agents, servants, and employees, and such other persons who are in active concert or participation with them. Fed. R. Civ. P. 65(d)(2). The parties bound by the injunction should neither expressly nor independently extend to district attorneys, county sheriffs, city attorneys, or city police chiefs, none of whom were named as parties to this action. Defendant's proposed injunction appropriately defines the covered parties in accordance with Rule 65(d). *See Junior Sports Mags. Inc. v. Bonta*, No. 24-4050, 2025 WL 1863184, at *3 (9th Cir. July 7, 2025) (mem.) (per curiam).

Defendant's proposed injunction is attached as <u>Exhibit B</u>.

Respectfully submitted,

Dated: July 31, 2025

Respectfully submitted,

s/ Stephen M. Duvernay
STEPHEN M. DUVERNAY
Benbrook Law Group, PC
*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| Dated: July 31, 2025 | | Respectfully submitted,<br><br>ROB BONTA<br>Attorney General of California<br>MARK R. BECKINGTON<br>Supervising Deputy Attorney General<br>KRISTI HUGHES<br>Deputy Attorney General<br><br>s/ Will Setrakian<br>WILL SETRAKIAN<br>Deputy Attorney General<br>*Attorneys for Defendant Attorney General Rob Bonta, in his Official Capacity* |