# EXHIBIT B

1  ROB BONTA
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  KRISTI HUGHES
   WILL SETRAKIAN
4  Deputy Attorneys General
   State Bar No. 335045
5    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013-1230
6    Telephone:  (213) 269-6668
     E-mail:  William.Setrakian@doj.ca.gov
7  *Attorneys for Defendant Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER J. HOFFMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California,**<br><br>Defendant. | 3:24-cv-00664-CAB-MMP<br><br>**[PROPOSED] DEFENDANTS' INJUNCTION FOLLOWING COURT'S ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Dept:       15A<br>Judge:     The Honorable Cathy Ann Bencivengo<br>Action Filed:     4/11/2024 |

On July 1, 2025, the Court granted in part Plaintiffs' Motion for Summary Judgment. ECF No. 22 at 12. The Court ordered the parties to meet and confer and submit a proposed injunction consistent with the Court's order. *Id.* The parties, having met and conferred, and the Court having considered alternative proposed injunctions submitted by the parties,

IT IS HEREBY ORDERED THAT

1. Residents of states and U.S. territories besides California, who are:

   a. members of the Firearms Policy Coalition, and;

   b. who are not otherwise prohibited from possessing firearms under federal or California law,

1

upon proof of such membership, are entitled under this Order to apply for a California carry concealed weapon (CCW) license as provided for under California Penal Code sections 26150 through 26235, except that such applicants shall not be eligible for the licenses described in Penal Code sections 26150(b)(2), 26155(b)(2), and 26170.  These qualifying nonresident prospective applicants are referred to as "Nonresident Applicants" throughout the remainder of this Order.

2.   California Penal Code sections 26150(a)(3) and 26155(a)(3) will not apply to Nonresident Applicants. Rather, Nonresident Applicants must apply with the sheriff (per Penal Code section 26150) or chief of police (per Penal Code section 26155) (collectively "Licensing Authority(ies)") of a California jurisdiction in which they intend to spend time within the subsequent twelve (12) months and attest to that intention under oath in the application.

3.   Nonresident Applicants may present a valid driver's license or valid identification card issued by the Nonresident Applicant's state of residence in lieu of a valid California driver's license or identification card, in connection with California Penal Code sections 26150(a)(2) or 26155(a)(2). Where a Nonresident Applicant's driver's license or identification card does not set forth the applicant's current address, the applicant can, consistent with the policy for state resident applicants, submit other reliable documentation, including current utility bills, a current out-of-state CCW license with a correct address, or other reasonable indicia of ongoing residency matching the address provided on the application.

4.   All California statutes and provisions of law set forth in Penal Code section 26202(a) shall be construed to include comparable statutes and provisions of law of the Nonresident Applicant's home state for purposes of an application by a Nonresident Applicant for a CCW permit.

5.   To satisfy California Penal Code sections 26150(a)(4) or 26155(a)(4), Nonresident Applicants must complete a training course that meets the criteria set forth in section 26165(a)(1)-(3) and (5)-(6), and section (b), as it pertains to the

Licensing Authority where the Nonresident Applicant applies. If the Licensing Authority where the Nonresident Applicant applies has not approved of any online training courses, a Nonresident Applicant may complete an online training course approved by any other Licensing Authority instead. For the live-fire shooting exercises required by section 26165(a)(6), Nonresident Applicants shall complete live-fire shooting exercises for each handgun they intend to carry in California. A Nonresident Applicant shall inform the Licensing Authority where the applicant applies of the live-fire course the applicant intends to complete, and the Licensing Authority shall either approve such course or suggest an alternative acceptable course within 75 miles of the applicant's residence.

6. California Penal Code sections 26150(a)(5), 26155(a)(5), and 26162 will not apply to Nonresident Applicants. Rather, Nonresident Applicants must identify on the application by make, model, caliber, and serial number the handguns capable of being concealed upon the person that they intend to carry in California, and such handguns must be listed on the license to be validly carried in California. Identification of a handgun that cannot lawfully be carried in California shall be cause for denial of a license as to that handgun. Nonresident Applicants may seek to amend the list of firearms identified on their licenses in the same manner as California residents.

7. A Nonresident Applicant may choose to complete the interview required by California Penal Code section 26202(b)(1) virtually in lieu of in person, so long as the applicant appears by video and audio.

8. In addition to the means set forth in California Code of Regulations, title 11, section 4420, Nonresident Applicants may submit their fingerprints on an FBI form FD-258 fingerprint card to satisfy the requirements of California Penal Code section 26185.

9. Upon approval of a Nonresident Applicant's application, the CCW license shall be mailed to the address provided on the application.

10. If a Licensing Authority has opted to require a psychological examination before issuing a CCW license, the Licensing Authority shall either conduct such examination virtually for a Nonresident Applicant, so long as the applicant appears by video and audio, or approve an examination provider located within 75 miles of the applicant's residence.

11. Other than as expressly stated in this Order and the Order issued in *California Rifle & Pistol Association v. Bonta*, No. 2:23-cv-10169-SPG-ADS, ECF No. 81, the statutory criteria and processes for applying for a California CCW license shall apply to Nonresident Applicants in the same manner as California resident applicants.

12. It shall be the responsibility of Nonresident Applicants, if approved and issued a CCW license, to confirm that any handgun they carry in California, in its current configuration, is legal to possess in California. It shall also be the responsibility of Nonresident Applicants to be aware of locations where it is not legal to carry a firearm in California. Nothing in this Order is intended to make the issuance of a CCW license a defense to a violation of California firearms laws unrelated to the issues discussed in this Order.

13. This Order shall become effective 30 days after its execution. Nonresident Applicants may use the Standard Initial and Renewal Application for License to Carry a Weapon Capable of Being Concealed form (BOF 4012) or online application portals utilized by the Licensing Authority (such as Permitium) and substitute the Nonresident Applicant's information in lieu of California specific information in providing information on the application. For example, for the portion of the form that asks for a "CA Driver License No.," Nonresident Applicants would instead provide the driver's license number or identification number issued to them by their state of residence.

14. The California Department of Justice shall distribute a copy of this Order, or otherwise provide notice of its terms, to all Licensing Authorities that currently issue or shall issue in the future CCW licenses in California.

15. If California Assembly Bill 1078 (AB 1078), currently pending in the California Legislature, passes in substantially similar form regarding the non-resident applicants' CCW licensing application requirements, and is signed by the Governor, this injunction shall terminate on the date that the relevant provisions of AB 1078 take effect. The parties shall meet and confer within 20 days of enactment of AB 1078 and advise the Court via status report within 14 days of that meeting whether the parties agree that the injunction is terminated by this provision. In the event of disagreement by either party, the Court shall determine, following briefing by the parties, whether the injunction is terminated by this provision.

16. Except as expressly set forth herein, nothing in this injunction shall require any action by the California Attorney General with respect to CCW licenses other than as required by the provisions of the California Penal Code.

Entered this ____ day of _____, 2025.

_____

Hon. Cathy Ann Bencivengo