1  ROB BONTA
   Attorney General of California
2  MARK R. BECKINGTON
   Supervising Deputy Attorney General
3  KRISTI HUGHES
   WILL SETRAKIAN
4  Deputy Attorney General
   State Bar No. 335045
5    300 South Spring Street, Suite 1702
     Los Angeles, CA 90013-1230
6    Telephone: (213) 269-6668
     E-mail: William.Setrakian@doj.ca.gov
7  *Attorneys for Defendant Rob Bonta, in his*
   *official capacity*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13  **CHRISTOPHER J. HOFFMAN, ET AL.,**                3:24-cv-00664-CAB-MMP

14                                        **NOTICE OF MOTION AND**
                            Plaintiffs,   **MOTION TO DISSOLVE**
15                                        **INJUNCTION; MEMORANDUM**
        v.                                **OF POINTS AND AUTHORITIES**
16
                                          **PER CHAMBERS RULES, NO**
17  **ROB BONTA, in his official capacity**   **ORAL ARGUMENT UNLESS**
    **as Attorney General of California,**     **SEPARATELY ORDERED BY**
18                                        **THE COURT**
                            Defendant.
19                                        Date:        December 12, 2025
                                          Dept:        15A
20                                        Judge:       The Honorable Cathy Ann
                                                       Bencivengo
21                                        Action Filed:   4/11/2024

22                        **NOTICE OF MOTION**

23      PLEASE TAKE NOTICE THAT on December 12, 2025, Defendant Rob

24  Bonta, in his official capacity, will move the Court to dissolve the injunction it

25  entered in this case on August 21, 2025. Defendant will request that such

26  dissolution take effect on January 1, 2026.

27      This motion is made on the grounds that intervening legislation, Assembly Bill

28  1078, has amended the laws that the Court's earlier order enjoined. Specifically,

                                    1

1   Assembly Bill 1078 amended Penal Code sections 26150 and 26155 to permit, after

2   January 1, 2026, non-residents to apply for concealed-carry weapon licenses.

3   Defendant Attorney General Bonta thus moves to dissolve the injunction under

4   Federal Rule of Civil Procedure 60(b)(5), pursuant to Ninth Circuit law counseling

5   dissolving an injunction in these circumstances.

6       This motion is based on this notice of motion and motion, the accompanying

7   memorandum of points and authorities, the declaration and evidence filed

8   concurrently herewith, and any other matters the Court deems appropriate.

9

10  Dated:  November 7, 2025                        Respectfully submitted,

11                                                  ROB BONTA
                                                    Attorney General of California
12                                                  MARK R. BECKINGTON
                                                    Supervising Deputy Attorney General
13                                                  KRISTI HUGHES
                                                    Deputy Attorney General
14

15

16                                                  /s/ Robert William Setrakian

17                                                  WILL SETRAKIAN
                                                    Deputy Attorney General
18                                                  *Attorneys for Defendant Rob Bonta, in
                                                    his official capacity*

19  SA2024301668

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Since Plaintiffs sued and this Court entered a permanent injunction in their favor, this case's terrain has transformed. California's Legislature has amended the challenged laws such that they will permit eligible non-residents to apply for concealed-carry weapon ("CCW") licenses. Effective January 1, 2026, this case's permanent injunction will address a legal state of affairs that no longer exists.

Federal law explains what to do in this situation. Federal Rule of Civil Procedure 60(b)(5) allows a court to grant relief from an order if "applying it prospectively is no longer equitable." The Ninth Circuit reads this to mandate dissolving an injunction if an enjoined law changes to allow what once was forbidden—here, non-resident applications for CCW licenses. The Court accordingly should dissolve its injunction in this case, effective January 1, 2026.

**BACKGROUND**

In April 2024, Plaintiffs filed their complaint challenging an aspect of California's law regarding CCW licenses that effectively restricted non-California residents from receiving such licenses. Cal. Penal Code §§ 26150(a)(3), 26155(a)(3); *see also* ECF No. 1 at ¶ 19. In August 2025, the Court granted Plaintiffs' motion for summary judgment, ruling that these provisions of law violate the Second Amendment. ECF No. 22 at 12. Subsequently, it entered a permanent injunction providing that AG Bonta is "hereby permanently enjoined from enforcing California Penal Code sections 26150(a)(3) and 26155(a)(3) as to CCW applications submitted by Plaintiff Firearms Policy Coalition's members who are not residents of California, including the named Individual Plaintiffs." ECF No. 27.

On October 10, 2025, Governor Newsom signed Assembly Bill (AB) 1078, a bill that, among other things, amends the Penal Code to allow qualifying non-residents to apply for CCW licenses. Declaration of Robert William Setrakian in Support of Motion to Dissolve Injunction ("Setrakian Decl."), ¶ 3; Ex. 1. The relevant provision of AB 1078 will take effect on January 1, 2026. Cal. Const. art.

IV, § 8(c)(1).  Penal Code sections 26150 and 26155 will now each include a new subsection (b) that enables non-residents to apply for a CCW license and details the requirement for a non-resident to obtain a CCW license in California.[1]  Setrakian Decl., Ex. 1.  These requirements closely resemble those requirements for residents; the differences primarily address the practical differences in how a non-resident can fulfill the application requirements compared to a resident.  Among other things, the new subsection (b) requires that, for a non-resident to receive a CCW license:

- An applicant not be a "disqualified person to receive" a CCW license, as determined by the licensing authority in accordance with California Penal Code "Section 26202 and all comparable statutes and provisions of law of the nonresident applicant's state of residence."  Setrakian Decl., Ex. 1, § 2(b)(1).

- An applicant attest "that the jurisdiction in which they have applied is the primary location in California in which they intend to travel or spend time."  *Id.* at § 2(b)(3).

- An applicant complete live-fire shooting exercises with a course that is chosen by the applicant and approved by the licensing authority, or a course that is within 75 miles of the applicant's residence.  *Id.* at § 2(b)(5).

- An applicant identify "the make, model, caliber, and serial number of each pistol, revolver, or other firearm for which the applicant is applying to be licensed to carry in California."  *Id.* at § 2(b)(6).

Together, these provisions establish a process by which non-residents can apply for CCW licenses that parallels the process for residents.  An applicant no longer must prove California residency to seek such a license.

---

[1] Section 26150 concerns CCW applications submitted to a county sheriff. Section 26155 concerns those submitted to a chief or other head of a municipal police department of any city or city and county.

4

# STANDARD OF REVIEW

A District Court may modify an injunction if applying the injunction is no longer equitable. Fed. R. Civ. P. 60(b)(5). This is an intentionally "pliable standard." *California ex rel. Becerra v. U.S. Env't Prot. Agency*, 978 F.3d 708, 713 (9th Cir. 2020). If a party asks to modify or dissolve an injunction, a court considers whether "a significant change in facts or law warrants revision or dissolution of the injunction." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (per curiam) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)).

# ARGUMENT

The Court should dissolve this injunction because California's Legislature has amended the relevant portions of the enjoined laws. When Plaintiffs sued, non-residents could not apply for California CCW licenses. Beginning January 1, 2026, they will be able to. It is hard to image a more "significant change in facts or law" for purposes of this suit. *Karnoski*, 926 F.3d at 1198.

This sea change mandates dissolving the injunction, as the Ninth Circuit explained in its recent decision in *California v. EPA*. "An unbroken line of Supreme Court cases makes clear that it is an abuse of discretion to deny a modification of an injunction after the law underlying the order changes to permit what was previously forbidden." *California*, 978 F.3d at 713–14. To this end, the Supreme Court has "explained that '[a] court may recognize subsequent changes in either statutory or decisional law' giving rise to an injunction, and a 'court errs when it refuses to modify an injunction or consent decree in light of such changes.'" *Id.* at 714 (quoting *Agostini v. Felton*, 521 U.S. 203, 215 (1997)). For this reason, in a like situation, the Ninth Circuit blessed a "district court's decision to modify the injunction because the new statute had 'removed the legal basis for the continuing application of the court's Order' and '[a] "change in law" of [that] type "entitle[d] petitioners to relief under Rule 60(b)(5)."'" *Id.* at 715 (quoting *California Dep't of Soc. Servs. v. Leavitt*, 523 U.S. 1025, 1027 (9th Cir. 2008)).

Thus, when the law changes, an injunction issued under a prior regime must yield.

Evaluating the specifics of the Ninth Circuit's *California* and *Leavitt* decisions illustrates this. In *California*, a coalition of states sued the EPA for failing to issue certain pollution standards, securing an injunction requiring EPA to do so by mid-2019. 978 F.3d at 712. But then, EPA promulgated a new regulation that stretched its deadlines to issue those standards to mid-2021. *Id.* EPA filed a motion to dissolve the injunction under Rule 60(b)(5), arguing that this regulation represented a change in law such that the District Court should lift its injunction compelling mid-2019 action. *Id.* The District Court denied the motion. *Id.*

A Ninth Circuit panel unanimously reversed this declination as an abuse of discretion. Applying the principles above, the Ninth Circuit explained that owing to the change in law, "EPA is now under no legal duty—besides the court's injunction—to promulgate" the above-mentioned pollution standards. *California*, 978 F.3d at 717. Because only the court's order, not any other binding law, compelled the federal government's action, Rule 60(b)(5) counseled the injunction's dissolution. *Id.* In other words, the law had changed to allow something—additional delay—not possible when the injunction issued, and so the injunction had to yield.

Or take *Leavitt*, a case in which a District Court had found California non-compliant with federal law regarding foster-care and issued injunctive relief ordering a change in policies. 523 F.3d at 1027–28. Not long after, Congress revised the relevant law such that it foreclosed the District Court's reading of the statute. *Id.* at 1030. California accordingly moved for relief from the injunction under Rule 60(b), which relief the District Court granted. *Id.* at 1030–31.

The Ninth Circuit ruled that granting this relief was no abuse of discretion. *Id.* at 1032. The Court explained that a change in law had "removed the legal basis for the continuing application of the court's Order," "entitl[ing] petitioners to relief under Rule 60(b)(5)." *Id.* (internal quotation omitted). Respondents did not push

6

back on this conclusion, instead focusing on only whether some disputed applications of the statute operated retroactively. *Id.* The Court rejected even this narrower argument. *Id.*

This case follows under the principles and outcomes of *California* and *Leavitt*. Just as in those cases, the law has changed "to permit what was previously forbidden." *California*, 978 F.3d at 714. As a result, the injunction here, issued under a legal regime that will allow what was barred beginning January 1, 2026, should yield. *Leavitt*, 523 F.3d at 1032. The Court thus should dissolve this injunction.

In reaching this conclusion, the Court need make no "broad, fact-intensive inquiry into whether altering [the] injunction is equitable," because "the legal duty underlying the injunction has disappeared." *California*, 978 F.3d at 715–16; *see also Planned Parenthood Monte Mar, Inc. v. Ford*, 2025 WL 1210968, at *2 (D. Nev. Apr. 25, 2025) (applying *California* without considering equitable factors, owing to an intervening change in law). Indeed, there is no need to evaluate the equities at all: the change in law resolves this motion. *Planned Parenthood Monte Mar, Inc. v. Ford*, 349 F.R.D. 213, 223–25 (D. Nev. 2025).

Plaintiffs may argue that little harm would follow from retaining this injunction, even if it serves to only reinforce California's new law. But the Ninth Circuit has rejected this argument: "Compelling [California] to continue to adhere to an injunction based on a legal duty that has since disappeared is a harm in and of itself." *California*, 978 F.3d at 717. Even if this injunction may "do no harm" in the eyes of some, "it necessarily does so by its nature." *Id.* (quotation omitted). And leaving this injunction in place would, in fact, do harm beyond the requirement of forcing the State to adhere to an outdated state of legal affairs, sowing confusion among the public as to currently binding State law. *See In re Shelby*, 664 B.R. 255, 261 (Bankr. E.D. Mo. 2024).

Dissolving the injunction beginning January 1, 2026, will also avoid the potential for confusion and uncertainty that would occur if both the new law and the injunction are simultaneously in effect. By its terms, the injunction applies to only Firearms Policy Coalition members, including the named individual Plaintiffs, and is limited to enforcement of Penal Code sections 26150(a)(3) and 26155(a)(3). AB 1078, on the other hand, creates a comprehensive procedure enabling all eligible non-residents, including FPC members, to apply for CCW licenses. With the enactment of this new law, that procedure, which gives Plaintiffs the relief they sought in this action, should control without the added question of the injunction's effect.

## CONCLUSION

The Court should dissolve the injunction issued in this case, effective January 1, 2026.

Dated:  November 7, 2025                  Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
KRISTI HUGHES
Deputy Attorney General


*/s/ Robert William Setrakian*

WILL SETRAKIAN
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity*

SA2024301668