1   ROB BONTA
    Attorney General of California
2   MARK R. BECKINGTON
    Supervising Deputy Attorney General
3   KRISTI HUGHES
    WILL SETRAKIAN
4   Deputy Attorneys General
    State Bar No. 335045
5     300 South Spring Street, Suite 1702
      Los Angeles, CA 90013-1230
6     Telephone: (213) 269-6668
      E-mail: William.Setrakian@doj.ca.gov
7   *Attorneys for Defendant Rob Bonta, in his
    official capacity*

8                 IN THE UNITED STATES DISTRICT COURT

9                FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

12  **CHRISTOPHER J. HOFFMAN, ET**          3:24-cv-00664-CAB-MMP
    **AL.,**
13                                           **DECLARATION OF ROBERT**
                              Plaintiffs,    **WILLIAM SETRAKIAN IN**
14                                           **SUPPORT OF MOTION TO**
         v.                                  **DISSOLVE INJUNCTION**
15
                                             Date:       December 12, 2025
16  **ROB BONTA, in his official capacity**  Dept:       15A
    **as Attorney General of California,**   Judge:      The Honorable Cathy Ann
17                                                        Bencivengo
                              Defendant.     Action Filed:   4/11/2024
18

19        I, Robert William Setrakian, declare:

20        1.    I am an attorney licensed to practice law in the State of California and

21  admitted to the Bar of this Court.  I am employed as a Deputy Attorney General in

22  the Office of the Attorney General, California Department of Justice, and serve as

23  counsel to the Attorney General in *Hoffman, et al. v. Bonta*, No. 24-cv-00664.  I

24  make this declaration in support of the Attorney General's Motion to Dissolve

25  Injunction.

26        2.    I have personal knowledge of the facts set forth in this declaration and

27  could, if called as a witness, testify competently to their truth.

28

                                          1
─────────────────────────────────────────────────────────────

3.    Governor Gavin Newsom signed California Assembly Bill 1078 into law on October 10, 2025.

4.    Attached as **Exhibit A** is a true and correct copy of the as-passed text of California Assembly Bill 1078.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.


Executed on November 7, 2025 in Los Angeles, California.

*/s/ Robert William Setrakian*

_____
WILL SETRAKIAN
Deputy Attorney General

Declaration of Robert William Setrakian in Support of Motion to Dissolve Injunction
(3:24-cv-00664-CAB-MMP)

# EXHIBIT A





| Home | Bill Information | California Law | Publications | Other Resources | My Subscriptions | My Favorites |

**AB-1078 Firearms.** (2025-2026)



**SHARE THIS:**                                    Date Published: 10/13/2025 02:00 PM

### Assembly Bill No. 1078

### CHAPTER 570

An act to amend Sections 171.7, 26150, 26155, 26162, 26185, 26190, 26195, 26202, 26205, 26206, 26225, 26230, and 29800 of, and to amend, repeal, and add Sections 26835, 27535, and 27540 of, the Penal Code, relating to firearms.

[ Approved by Governor  October 10, 2025. Filed with Secretary of State October 10, 2025. ]

### LEGISLATIVE COUNSEL'S DIGEST

AB 1078, Berman. Firearms.

(1) Existing law prohibits a person from carrying a concealed firearm or carrying a loaded firearm in public. Existing law authorizes a licensing authority, as specified, if certain requirements and other criteria are met, including, among other things, the applicant has completed a specified course of training, to issue a license to carry a concealed handgun or to carry a loaded and exposed handgun, as specified. Existing law requires a licensing authority to conduct an investigation to determine whether an applicant can receive or renew a license that includes, among other things, a review of all information provided in the application for a license, and a review of the information in the California Restraining and Protective Order System. Existing law prohibits the licensing authority from issuing a license if, among other things, the applicant has been convicted of contempt of court, has been subject to a restraining order, protective order, or other type of court order, unless that order expired or was vacated or otherwise canceled more than 5 years prior to receipt of the completed application, or, in the 10 years prior to the licensing authority receiving the completed application, has been convicted of specified criminal statutes.

This bill would also prohibit a licensing authority from issuing a license if an applicant was convicted of, under any federal law or law of any other state that includes comparable elements of, contempt of court or specified criminal statutes in the 10 years prior to the completed application, was subject to any restraining order, protective order, or other type of court order, or is an unlawful user of, or addicted to, any controlled substance, as specified. Upon determining that an applicant is a disqualified person due to being an unlawful user of, or addicted to, any controlled substance, the bill would require the licensing authority to, within 5 days, submit to the National Instant Criminal Background Check System Index specified information of the disqualified person and supporting documentation, as specified.

This bill would require the review of the California Restraining and Protective Order System to include information concerning whether the applicant is reasonably likely to be a danger to self, others, or the community at large, as specified. By imposing new duties on local licensing authorities, this bill would create a state-mandated local program.

The bill would additionally exempt from the licensure prohibition for applicants previously subject to a restraining order, protective order, or other type of court order, applicants who were previously subject to an above-described order that did not receive notice and an opportunity to be heard before the order was issued.

(2) Existing law prohibits a person who is licensed to carry a firearm from carrying a firearm in specified places, including schools, government buildings, hospitals, zoos, parks, churches, and a bus, train, or other form of public transportation. Existing law exempts a firearm that is secured in a lock box, as specified, under certain circumstances, from these prohibitions.

This bill would exempt a firearm that is unloaded and locked in a lock box for the purpose of transporting the firearm from the prohibition on carrying the firearm on a bus, train, or other form of public transportation, including a building, real property, or parking area under the control of a public transportation authority.

(3) Existing law requires, when a person applies for a new license or license renewal to carry a pistol, revolver, or other firearm capable of being concealed upon the person, a licensing authority, as specified, to issue or renew a license if the applicant has provided proof that, among other things, the applicant has completed a specified course of training, including live-fire shooting exercises on a firing range, and the applicant is the recorded owner of the pistol, revolver, or other firearm for which the license will be issued.

This bill would clarify that these requirements for a new license or license renewal specifically apply to a California resident. For non-California residents, the bill would additionally require, among other requirements, the applicant to attest, under oath, that the jurisdiction in which the applicant has applied is the primary location in California in which they intend to travel or spend time, and that the applicant has completed live-fire shooting exercises for each pistol, revolver, or other firearm for which the applicant is applying to be licensed to carry in California. By requiring local agencies to issue licenses for concealed firearms to non-California residents and expanding the scope of the crime of perjury, this bill would create a state-mandated local program.

If a psychological assessment on an initial application to carry a pistol, revolver, or other firearm capable of being concealed upon the person is required by a licensing authority, existing law requires the applicant to be referred to a licensed psychologist acceptable to the licensing authority.

This bill would authorize a licensing authority to allow a non-California resident applicant to satisfy this psychological assessment with a virtual psychological assessment, as specified, or approve this examination with a provider located within 75 miles of the applicant's residence.

Existing law prohibits a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person from being issued if the Department of Justice determines that the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. Existing law also requires this license to be revoked by the local licensing authority if, at any time, the local licensing authority determines that, among other reasons, the licensee is prohibited by state or federal law from owning or purchasing a firearm.

This bill would revoke or prohibit the issuance of that license by the local licensing authority if any certain situation occurred, including that an applicant knowingly provides any inaccurate or incomplete information in connection with an application for a license, a license renewal, or an amendment to a license. The bill would require a licensee to inform the local authority that issued the license of any restraining order or arrest, charge, or conviction of a specified crime and would prohibit the issuance of, or require the revocation of, that license based on the licensee's failure to inform the local licensing authority of any restraining order or arrest, charge, or conviction of a specified crime.

(4) Existing law prohibits a person from making an application to purchase more than one firearm within any 30-day period. Existing law prohibits a dealer from delivering a firearm to a purchaser when the dealer is notified by the Department of Justice that, within the preceding 30-day period, the purchaser has made another application to purchase a firearm. Existing law requires a licensed dealer of firearms to conspicuously post a prescribed firearms safety warning message within the licensed premises, including that no person shall make an application to purchase more than one firearm, as specified, within any 30-day period, and no delivery shall be made to any person who has made an application to purchase more than one firearm, as specified, within any 30-day period.

An existing federal district court order in a case pending appeal has enjoined the enforcement of the law limiting the number of firearms that a person is allowed to purchase in a 30-day period.

This bill would, beginning April 1, 2026, increase the number of firearms that a person can apply to purchase within any 30-day period from one to 3 and would prohibit, beginning April 1, 2026, delivery of a firearm by a

dealer if the dealer is notified by the Department of Justice that the purchaser has made an application to purchase one or more firearms that would result in the purchase of more than 3 firearms cumulatively within the 30-day period preceding the date of the application, as specified. The bill would make a conforming change to the required firearms safety warning.

(5) Existing law makes it a crime for a person to own or possess a firearm if the person has been convicted of a felony, as specified. Existing law makes those provisions inapplicable to a conviction or warrant for a felony if, both the conviction of a like offense under California law can only result in imposition of felony punishment and the defendant received either, or both, a sentence to a federal correctional facility for more than 30 days and a fine exceeding $1,000.

This bill would additionally make those provisions inapplicable to a conviction for a nonviolent felony under the laws of any other state if the conviction has been vacated, set aside, expunged, or otherwise dismissed and, if the conviction resulted in a firearms prohibition, the conviction relief restored the firearms rights, or if the conviction did not involve the use of a dangerous weapon and the person received a pardon, as specified.

(6) Existing law requires a licensing authority to give written notice to an applicant, who is applying for a new license or license renewal to carry a pistol, revolver, or other firearm capable of being concealed upon the person, indicating if the license is approved or denied. Existing law requires the licensing authority to give this notice within 120 days of receiving the completed application for a new license or 30 days after receipt of specified information and report from the Department of Justice, whichever is later, and for a license renewal, the licensing authority has within 120 days of receiving the completed application to give this notice. In determining whether to approve or deny these applications, existing law requires the licensing authority to apply the statutory requirements in effect as of the date the licensing authority received the completed applications, except as specified.

This bill would apply the 120-day notice requirement for a license renewal to a completed application for a license renewal submitted prior to September 1, 2026. For license renewal applications submitted on or after September 1, 2026, the bill would apply the above notice requirement for a completed application for a new license. The bill would delete the provision requiring the licensing authority to apply the statutory requirements in effect as of the date of receiving the completed application.

The California Constitution requires the state to reimburse local agencies and school districts for certain costs mandated by the state. Statutory provisions establish procedures for making that reimbursement.

This bill would provide that with regard to certain mandates no reimbursement is required by this act for a specified reason.

With regard to any other mandates, this bill would provide that, if the Commission on State Mandates determines that the bill contains costs so mandated by the state, reimbursement for those costs shall be made pursuant to the statutory provisions noted above.

Vote: majority   Appropriation: no   Fiscal Committee: yes   Local Program: yes

## THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

**SECTION 1.** Section 171.7 of the Penal Code is amended to read:

**171.7.** (a) For purposes of this section:

(1) "Public transit facility" means any land, building, or equipment, or an interest therein, including a station on a public transportation route, to which access is controlled in a manner consistent with the public transit authority's security plan, whether or not the operation thereof produces revenue, that has as its primary purpose the operation of a public transit system or the providing of services to the passengers of a public transit system. A public transit system includes the vehicles used in the system, including, but not limited to, motor vehicles, streetcars, trackless trolleys, buses, light rail systems, rapid transit systems, subways, trains, or jitneys, that transport members of the public for hire.

(2) "Firearm" has the same meaning as specified in subdivisions (a) and (b) of Section 16520.

(b) It is unlawful for a person to knowingly possess any of the following in a public transit facility:

(1) A firearm.

(2) An imitation firearm as defined in subdivision (a) of Section 16700.

(3) An instrument that expels a metallic projectile, such as a BB or pellet, through the force of air pressure, CO2 pressure, or spring action, or a spot marker gun or paint gun.

(4) A metal military practice hand grenade.

(5) A metal replica hand grenade.

(6) A plastic replica hand grenade.

(7) An unauthorized tear gas weapon.

(8) An undetectable knife, as described in Section 17290.

(9) An undetectable firearm, as described in Section 17280.

(c) (1) Subdivision (b) does not apply to, or affect, any of the following:

(A) A duly appointed peace officer as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2.

(B) A retired peace officer with authorization to carry concealed weapons as described in Article 2 (commencing with Section 25450) of Chapter 2 of Division 5 of Title 4 of Part 6.

(C) A full-time paid peace officer of another state or the federal government who is carrying out official duties while in California.

(D) A qualified law enforcement officer of another state or the federal government, as permitted under the Law Enforcement Officers Safety Act pursuant to Section 926B or 926C of Title 18 of the United States Code.

(E) A person summoned by an officer listed in subparagraphs (A) to (C), inclusive, to assist in making arrests or preserving the peace while they are actually engaged in assisting the officer.

(F) A person who is responsible for the security of the public transit system and who has been authorized by the public transit authority's security coordinator, in writing, to possess a weapon specified in subdivision (b).

(G) A person possessing an unloaded firearm while traveling on a public transit system that offers checked baggage services, so long as the firearm is stored in accordance with the public transit system's checked baggage policies.

(2) Paragraph (7) of subdivision (b) does not apply to or affect the possession of a tear gas weapon when possession is permitted pursuant to Division 11 (commencing with Section 22810) of Title 3 of Part 6.

(3) Paragraph (1) of subdivision (b) does not apply to a person transporting an unloaded firearm locked in a lock box in compliance with paragraph (8) of subdivision (a) of Section 26230.

(d) A violation of this section is punishable by imprisonment in a county jail for a period not exceeding six months, or by a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment.

(e) The provisions of this section are cumulative and do not restrict the application of any other law. However, an act or omission that is punishable in different ways by this and any other provision of law shall not be punished under more than one provision.

(f) This section does not prevent prosecution under any other provision of law that may provide a greater punishment.

(g) This section shall be interpreted so as to be consistent with Section 926A of Title 18 of the United States Code.

**SEC. 2.** Section 26150 of the Penal Code is amended to read:

**26150.** (a) When a California resident applies for a new license or license renewal to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county shall issue or renew a license to that California resident upon proof of all of the following:

(1) The applicant is not a disqualified person to receive such a license, as determined in accordance with the standards set forth in Section 26202.

(2) The applicant is at least 21 years of age, and presents clear evidence of the person's identity and age, as defined in Section 16400.

(3) The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business. Prima facie evidence of residency within the county or a city within the county includes, but is not limited to, the address where the applicant is registered to vote, the applicant's filing of a homeowner's property tax exemption, and other acts, occurrences, or events that indicate presence in the county or a city within the county is more than temporary or transient. The presumption of residency in the county or city within the county may be rebutted by satisfactory evidence that the applicant's primary residence is in another county or city within the county.

(4) The applicant has completed a course of training as described in Section 26165.

(5) The applicant is the recorded owner, with the Department of Justice, of the pistol, revolver, or other firearm for which the license will be issued.

(b) When a non-California resident applies for a new license or license renewal to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the sheriff of a county shall issue or renew a license to that non-California resident, subject to the following conditions:

(1) The applicant is not a disqualified person to receive the license, as determined in accordance with the standards set forth in Section 26202 and all comparable statutes and provisions of law of the nonresident applicant's state of residence.

(2) The applicant is at least 21 years of age and presents clear evidence of the nonresident's identity, age, and state of residence. "Clear evidence of the nonresident's identity, age, and state of residence" means either of the following:

(A) A valid driver's license from their state of residence.

(B) A valid out-of-state identification card issued by the Department of Motor Vehicles.

(3) The applicant attests, under oath, that the jurisdiction in which they have applied is the primary location in California in which they intend to travel or spend time.

(4) The applicant has completed a course of training that meets the criteria set forth in paragraphs (1) to (5), inclusive, of subdivision (a) of Section 26165 and subdivision (d) of Section 26165, as it pertains to the licensing authority to which the application is submitted. If the licensing authority to which the application is submitted has not approved of any online training courses, the applicant may complete an online training course approved by any other licensing authority that issues licenses under this section.

(5) The applicant has completed live-fire shooting exercises, as required by paragraph (6) of subdivision (a) of Section 26165, for each pistol, revolver, or other firearm for which the applicant is applying to be licensed to carry in California. The applicant shall inform the licensing authority to which they have applied of the live-fire course the applicant intends to complete, and the licensing authority shall either approve the course or suggest an alternative acceptable course within 75 miles of the applicant's residence.

(6) The applicant has identified on the application the make, model, caliber, and serial number of each pistol, revolver, or other firearm for which the applicant is applying to be licensed to carry in California. Identification of a pistol, revolver, or other firearm that cannot lawfully be carried or possessed in California shall be cause for denial of a license as to that pistol, revolver, or other firearm.

(c) The sheriff shall issue or renew a license under subdivision (a) in either of the following formats:

(1) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(d) (1) Nothing in this chapter shall preclude the sheriff of the county from entering into an agreement with the chief or other head of a municipal police department of a city to process all applications for licenses, renewals of licenses, or amendments to licenses pursuant to this chapter, in lieu of the sheriff.

(2) This subdivision shall only apply to applicants who reside within the city in which the chief or other head of the municipal police department has agreed to process applications for licenses, renewals of licenses, and amendments to licenses, pursuant to this chapter.

**SEC. 3.** Section 26155 of the Penal Code is amended to read:

**26155.** (a) When a California resident applies for a new license or license renewal to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the chief or other head of a municipal police department of any city or city and county shall issue or renew a license to that California resident upon proof of all of the following:

(1) The applicant is not a disqualified person to receive such a license, as determined in accordance with the standards set forth in Section 26202.

(2) The applicant is at least 21 years of age, and presents clear evidence of the person's identity and age, as defined in Section 16400.

(3) The applicant is a resident of that city or city and county. Prima facie evidence of residency within the county or a city within the county includes, but is not limited to, the address where the applicant is registered to vote, the applicant's filing of a homeowner's property tax exemption, and other acts, occurrences, or events that indicate presence in the county or a city within the county is more than temporary or transient. The presumption of residency in the county or city within the county may be rebutted by satisfactory evidence that the applicant's primary residence is in another county or city within the county.

(4) The applicant has completed a course of training as described in Section 26165.

(5) The applicant is the recorded owner, with the Department of Justice, of the pistol, revolver, or other firearm for which the license will be issued.

(b) When a non-California resident applies for a new license or license renewal to carry a pistol, revolver, or other firearm capable of being concealed upon the person, the chief or other head of a municipal police department of any city or city and county shall issue or renew a license to that nonresident, subject to the following conditions:

(1) The applicant is not a disqualified person to receive the license, as determined in accordance with the standards set forth in Section 26202 and all comparable statutes and provisions of law of the nonresident applicant's state of residence.

(2) The applicant is at least 21 years of age, and presents clear evidence of the nonresident's identity, age, and state of residence. "Clear evidence of the nonresident's identity, age, and state of residence" means either of the following:

(A) A valid driver's license from their state of residence.

(B) A valid out-of-state identification card issued by the Department of Motor Vehicles.

(3) The applicant attests, under oath, that the jurisdiction in which they have applied is the primary location in California in which they intend to travel or spend time.

(4) The applicant has completed a course of training that meets the criteria set forth in paragraphs (1) to (5), inclusive, of subdivision (a) of Section 26165 and subdivision (d) of Section 26165, as it pertains to the licensing authority to which the application is submitted. If the licensing authority to which the application is submitted has not approved of any online training courses, the applicant may complete an online training course approved by any other licensing authority that issues licenses under this section.

(5) The applicant has completed live-fire shooting exercises, as required by paragraph (6) of subdivision (a) of Section 26165, for each pistol, revolver, or other firearm for which the applicant is applying to be licensed to carry in California. The applicant shall inform the licensing authority to which they have applied of the live-fire course the applicant intends to complete, and the licensing authority shall either approve the course or suggest an alternative acceptable course within 75 miles of the applicant's residence.

(6) The applicant has identified on the application the make, model, caliber, and serial number of each pistol, revolver, or other firearm they intend to carry in California. Identification of a pistol, revolver, or other firearm that cannot lawfully be carried in California shall be cause for denial of a license as to that pistol, revolver, or other firearm.

(c) The chief or other head of a municipal police department shall issue or renew a license under subdivision (a) in either of the following formats:

(1) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Where the population of the county in which the city is located is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in only that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(d) Nothing in this chapter shall preclude the chief or other head of a municipal police department of any city from entering an agreement with the sheriff of the county in which the city is located for the sheriff to process all applications for licenses, renewals of licenses, and amendments to licenses, pursuant to this chapter.

**SEC. 4.** Section 26162 of the Penal Code is amended to read:

**26162.** (a) Prior to the issuance of a license, renewal of a license, or amendment to a license pursuant to subdivision (a) of Section 26150 or subdivision (a) of Section 26155, each licensing authority with direct access to the designated Department of Justice system shall determine if the applicant is the recorded owner of the particular pistol, revolver, or other firearm capable of being concealed upon the person reported in the application for a license or the application for the amendment to a license under this chapter.

(b) Pursuant to subdivision (a), an agency with direct access to the designated Department of Justice system shall confirm the applicant's information with firearm ownership maintained in the system. An agency without access to the system shall confirm this information with the sheriff of the county in which the agency is located.

**SEC. 5.** Section 26185 of the Penal Code is amended to read:

**26185.** (a) (1) Upon issuance of the notice described in paragraph (1) of subdivision (d) of Section 26202, the licensing authority shall submit to the Department of Justice fingerprint images and related information required by the Department of Justice for each applicant applying for a new license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, pursuant to subdivision (u) of Section 11105. The Department of Justice shall provide a state or federal response to the licensing authority, pursuant to subdivision (l) of Section 11105 of the Penal Code.

(2) Upon receipt of the fingerprints of an applicant for a new license, as well as the fee as prescribed in Section 26190, the department shall promptly furnish the forwarding licensing authority information as to whether the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. The department shall make this determination in a manner to be prescribed through regulations. If the department is unable to ascertain the final disposition of an arrest or criminal charge, the outcome of the mental health treatment or evaluation, or the applicant's eligibility to possess, receive, own, or purchase a firearm, the department shall notify the forwarding licensing authority.

(3) No new license shall be issued by any licensing authority unless the department confirms the applicant's eligibility to possess, receive, own, or purchase a firearm as described in paragraph (2).

(b) (1) For each applicant for a renewal license, upon issuance of the notice described in paragraph (1) of subdivision (d) of Section 26202, the licensing authority shall submit to the department the renewal notification described in paragraph (1) of subdivision (d) of Section 26202, in a manner and format prescribed by the department.

(2) For each renewal notification submitted to the department in accordance with paragraph (1) on or after September 1, 2026, the licensing authority shall also submit to the department fingerprint images and related information required by the department for each applicant applying for a renewal license to carry a pistol, revolver, or other firearm capable of being concealed upon the person, pursuant to subdivision (u) of Section 11105. The department shall then provide a state or federal response to the licensing authority, pursuant to subdivision (l) of Section 11105.

(c) (1) For each applicant for a renewal license, upon receipt by the department of the renewal notification as prescribed in subdivision (b), as well as the fee as prescribed in Section 26190, the department shall determine

whether the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(2) For each applicant for a renewal license whose renewal notification is submitted to the department prior to September 1, 2026, the department shall determine whether the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm and notify the forwarding licensing agency in a manner to be prescribed through regulations.

(3) For each applicant for a renewal license whose renewal notification is submitted to the department on or after September 1, 2026, upon receipt of the applicant's fingerprints, the department shall promptly furnish the forwarding licensing authority information as to whether the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. The department shall make this determination in a manner to be prescribed through regulations. If the department is unable to ascertain the final disposition of an arrest or criminal charge, the outcome of the mental health treatment or evaluation, or the applicant's eligibility to possess, receive, own, or purchase a firearm, the department shall notify the forwarding licensing authority. No renewal license shall be issued by any licensing authority unless the department confirms the applicant's eligibility to possess, receive, own, or purchase a firearm as described in this paragraph.

(d) As used in this section, "licensing authority" means a sheriff of a county, or the chief or other head of a municipal police department of any city or city and county.

SEC. 6. Section 26190 of the Penal Code is amended to read:

**26190.** (a) (1) An applicant for a new license or for the renewal of a license shall pay at the time of filing the application a fee determined by the Department of Justice. The fee shall not exceed the application processing costs of the Department of Justice for the direct costs of furnishing the information and report required by Section 26185.

(2) After the department establishes fees sufficient to reimburse the department for processing costs, fees charged shall increase at a rate not to exceed the legislatively approved annual cost-of-living adjustments for the department's budget.

(3) The officer receiving the application and the fee shall transmit the fee, with the fingerprints, if required, to the Department of Justice in accordance with Section 26185.

(b) (1) The licensing authority of any city, city and county, or county shall charge an additional fee in an amount equal to the reasonable costs for processing the application for a new license or a license renewal, issuing the license, and enforcing the license, including any required notices, excluding fingerprint and training costs, and shall transmit the additional fee, if any, to the city, city and county, or county treasury.

(2) The first 50 percent of this additional local fee may be collected upon filing of the initial or renewal application. The balance of the fee shall be collected only upon issuance of the license.

(c) These local fees may be increased to reflect increases in the licensing authority's reasonable costs, as described in paragraph (1) of subdivision (b). In no case shall the local fees exceed the reasonable costs to the licensing authority, as described in paragraph (1) of subdivision (b).

(d) (1) In the case of an amended license pursuant to Section 26215, the licensing authority of any city, city and county, or county may charge a fee in an amount not to exceed the reasonable costs to process the amended license. In no case shall the amount charged to the applicant for the amended license exceed the reasonable costs to the licensing authority.

(2) This fee may be increased at a rate to reflect increases in the licensing authority's reasonable costs, as described in paragraph (1) of subdivision (d). In no case shall this fee exceed the reasonable costs to the licensing authority, as described in paragraph (1).

(3) The licensing authority shall transmit the fee to the city, city and county, or county treasury.

(e) (1) If a psychological assessment on the initial application is required by the licensing authority, the license applicant shall be referred to a licensed psychologist acceptable to the licensing authority. For an applicant for a license issued pursuant to subdivision (b) of Section 26150 or subdivision (b) of Section 26155, the licensing authority may either allow the applicant to complete a virtual psychological assessment, where the applicant appears by video and audio, or approve an examination provider located within 75 miles of the applicant's

residence. The applicant may be charged for the actual cost of the assessment. In no case shall the amount charged to the applicant for the psychological assessment exceed the reasonable costs to the licensing authority.

(2) Additional psychological assessment of an applicant seeking license renewal shall be required only if there is compelling evidence of a public safety concern to indicate that an assessment is necessary. The applicant may be charged for the actual cost of the assessment. In no case shall the cost of psychological assessment exceed the reasonable costs to the licensing authority.

**SEC. 7.** Section 26195 of the Penal Code is amended to read:

**26195.** (a) A license under this chapter shall not be issued by the local licensing authority if any of the following occurs:

(1) The local licensing authority is notified by the Department of Justice that the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(2) The applicant knowingly provides any inaccurate or incomplete information in connection with an application for a license or license renewal or an application to amend a license pursuant to subdivision (e) of Section 26175.

(3) The applicant fails to comply with subdivision (c) of this section.

(b) (1) A license under this chapter shall be revoked by the local licensing authority if at any time the local licensing authority determines any of the following:

(A) The licensee has breached any of the conditions or restrictions set forth in or imposed in accordance with Section 26200.

(B) The licensee knowingly provided any inaccurate or incomplete information in connection with an application for a license or license renewal or an application to amend a license pursuant to subdivision (e) of Section 26175.

(C) The licensee has become a disqualified person and cannot receive such a license, as determined in accordance with the standards set forth in Section 26202.

(D) The licensee failed to comply with subdivision (c) of this section.

(2) A license under this chapter shall be revoked by the local licensing authority if at any time the local licensing authority is notified by the Department of Justice that the licensee is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(3) If the local licensing authority revokes the license, the Department of Justice shall be notified of the revocation and reason pursuant to Section 26225. The licensee shall also be immediately notified of the revocation in writing.

(c) A licensee under this chapter shall inform the local licensing authority that issued the license of any restraining order or arrest, charge, or conviction of a crime referenced in Section 26202.

(d) If at any time the Department of Justice determines that a licensee is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, the department shall immediately, but no longer than 15 days after the determination, notify the local licensing authority of the determination.

**SEC. 8.** Section 26202 of the Penal Code is amended to read:

**26202.** (a) Unless a court makes a contrary determination pursuant to Section 26206, an applicant shall be deemed to be a disqualified person and cannot receive or renew a license pursuant to Section 26150, 26155, or 26170 if the applicant satisfies any one or more of the following:

(1) Is reasonably likely to be a danger to self, others, or the community at large, as demonstrated by anything in the application for a license or through the investigation described in subdivision (b), or as shown by the results of any psychological assessment, including, but not limited to, the assessment described in subdivision (e) of Section 26190.

(2) Has been convicted of contempt of court under Section 166 or any federal law or law of any other state that includes comparable elements of contempt of court under Section 166.

(3) Has been subject to any restraining order, protective order, or other type of court order issued pursuant to the following statutory provisions, or any federal law or law of any other state that includes comparable elements of those statutory provisions, unless that order expired or was vacated or otherwise canceled more than five years prior to the licensing authority receiving the completed application, or that order expired or was vacated or otherwise canceled and the applicant did not receive notice and an opportunity to be heard before the order was issued:

(A) Section 646.91 or Part 3 (commencing with Section 6240) of Division 10 of the Family Code.

(B) Part 4 (commencing with Section 6300) of Division 10 of the Family Code.

(C) Sections 136.2 and 18100.

(D) Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure.

(E) Section 213.5, 304, 362.4, 726.5, or 15657.03 of the Welfare and Institutions Code.

(4) In the 10 years prior to the licensing authority receiving the completed application for a new license or a license renewal, has been convicted of an offense listed in Section 422.6, 422.7, 422.75, or 29805, or any federal law or law of any other state that includes comparable elements of those offenses.

(5) Has engaged in an unlawful or reckless use, display, or brandishing of a firearm.

(6) In the 10 years prior to the licensing authority receiving the completed application for a new license or a license renewal, has been charged with any offense listed in Section 290, 667.5, 1192.7, 1192.8, or 29805, or any federal law or law of any other state that includes comparable elements of those offenses, that was dismissed pursuant to a plea or dismissed with a waiver pursuant to People v. Harvey (1979) 25 Cal.3d 754.

(7) In the five years prior to the licensing authority receiving the completed application for a new license or a license renewal, has been committed to or incarcerated in county jail or state prison for, or on probation, parole, postrelease community supervision, or mandatory supervision as a result of, a conviction of an offense, an element of which involves controlled substances, as described in Sections 11053 to 11058, inclusive, of the Health and Safety Code, or alcohol.

(8) Is, as described in paragraph (3) of subdivision (g) of Section 922 of Title 18 of the United States Code and applicable regulations and guidance, an unlawful user of or addicted to any controlled substance.

(9) Is currently abusing any controlled substance, as described in Sections 11053 to 11058, inclusive, of the Health and Safety Code, or alcohol. For purposes of this subdivision, the term "abusing" means excessive use or consumption reflecting that the applicant has lost the power of self-control with reference to the controlled substance or alcohol.

(10) In the 10 years prior to the licensing authority receiving the completed application for a new license or a license renewal, has experienced the loss or theft of multiple firearms due to the applicant's lack of compliance with federal, state, or local law regarding storing, transporting, or securing the firearm. For purposes of this paragraph, "multiple firearms" includes a loss of more than one firearm on the same occasion, or the loss of a single firearm on more than one occasion.

(11) Failed to report a loss of a firearm as required by Section 25250 or any other state, federal, or local law requiring the reporting of the loss of a firearm.

(b) In determining whether an applicant is a disqualified person and cannot receive or renew a license in accordance with subdivision (a), the licensing authority shall conduct an investigation that meets all of the following minimum requirements:

(1) For a license issued pursuant to subdivision (b) of Section 26150 or subdivision (b) of Section 26155, an in-person interview of the applicant or a virtual interview of the applicant, where the applicant appears by video and audio, at the applicant's election. For renewal applications, the licensing authority may elect to forgo this requirement.

(2) In-person, virtual, or telephonic interviews with at least three character references, at least one of whom must be a person described in subdivision (b) of Section 273.5, if applicable, and at least one of whom must be the applicant's cohabitant, if applicable. For renewal applications, the licensing authority may elect to forgo this requirement.

(3) A review of publicly available information about the applicant, including publicly available statements published or posted by the applicant.

(4) A review of all information provided in the application for a license.

(5) A review of all information provided by the Department of Justice in accordance with subdivision (a) of, paragraph (2) of subdivision (b) of, and paragraph (3) of subdivision (c) of Section 26185, as well as firearms eligibility notices or any other information subsequently provided to the licensing authority regarding the applicant.

(6) A review of the information in the California Restraining and Protective Order System accessible through the California Law Enforcement Telecommunications System, including information indicating that the applicant is reasonably likely to be a danger to self, others, or the community at large pursuant to paragraph (1) of subdivision (a), or that the applicant is otherwise a disqualified person pursuant to paragraph (3) of subdivision (a).

(c) In determining whether an applicant is a disqualified person and cannot receive or renew a license in accordance with subdivision (a), this section does not preclude the licensing authority from engaging in investigative efforts in addition to those listed in subdivision (b).

(d) Within 90 days of receiving the completed application for a new license or a license renewal, the licensing authority shall give written notice to the applicant of the licensing authority's initial determination, based on its investigation thus far, of whether an applicant is a disqualified person pursuant to Section 26150, 26155, or 26170 as follows:

(1) (A) If the licensing authority makes an initial determination that, based on its investigation thus far, the applicant is not a disqualified person, the notice shall inform the applicant to proceed with the training requirements specified in Section 26165. The licensing authority shall then submit the applicant's fingerprints or the renewal notification to the Department of Justice in accordance with Section 26185.

(B) The initial determination described in subparagraph (A) shall include a final determination as to whether the applicant is or is not a disqualified person pursuant to paragraph (8) of subdivision (a).

(2) If, within 90 days of receiving the completed application for a new license or a license renewal, the licensing authority determines that the applicant is a disqualified person, the notice shall inform the applicant that the request for a license has been denied, state the reason as to why the determination was made, and inform the applicant that they may request a hearing from a court, as outlined in Section 26206. A licensing authority providing notice under this paragraph informing the applicant that the request for a license has been denied satisfies the requirement to provide notice of a denial of a license pursuant to Section 26205.

(e) The prohibitions listed in subdivision (a) shall apply whether or not the relevant conduct, order, conviction, charge, commitment, or other relevant action took place or was issued or entered before the effective date of the act that added this subdivision.

(f) Upon determining the applicant is a disqualified person pursuant to paragraph (8) of subdivision (a), the licensing authority shall, within five days, submit to the National Instant Criminal Background Check System Index the full name, date of birth, and physical description of the applicant reflecting that the applicant meets the criteria of paragraph (3) of subdivision (g) of Section 922 of Title 18 of the United States Code and regulations issued pursuant thereto, and shall include supporting documentation validating any identifying information provided about the applicant and the licensing authority's determination. The supporting documentation required under this subdivision shall include proof of an arrest or a conviction, results of a test administered on the applicant or substance, or documentation of the admission of use, as applicable, as well as the date of any such arrest, conviction, test, or admission. Unless the licensing authority's document retention policies provide for a longer period, the licensing authority shall retain any such supporting documentation for 12 months from the date of submission.

**SEC. 9.** Section 26205 of the Penal Code is amended to read:

**26205.** (a) (1) The licensing authority shall give written notice to the applicant indicating if the license under this chapter is approved or denied. The licensing authority shall give this notice within 120 days of receiving the completed application for a new license, or 30 days after receipt of the information from the Department of Justice described in paragraph (2) of subdivision (a) of Section 26185, whichever is later.

(2) For each application for a license renewal submitted prior to September 1, 2026, the licensing authority shall give this notice within 120 days of receiving the completed application for a license renewal.

(3) For each application for a license renewal submitted on or after September 1, 2026, the licensing authority shall give this notice within 120 days of receiving the completed application for a license renewal, or 30 days after receipt of the information from the department described in paragraph (3) of subdivision (c) of Section 26185, whichever is later.

(b) If the license is denied, the notice shall state which requirement was not satisfied.

**SEC. 10.** Section 26206 of the Penal Code is amended to read:

**26206.** (a) If a new license or license renewal pursuant to Section 26150, 26155, or 26170 is denied or revoked based on a determination that the applicant is a disqualified person for such a license, as set forth in Section 26202, the licensing authority shall provide the applicant with the notice of this determination as required under subdivision (d) of Section 26202, Section 26205, or paragraph (3) of subdivision (b) of Section 26195. The notice shall state the reason as to why the determination was made and also inform the applicant that they may request a hearing from a court, as provided in this section, to review the denial or revocation. The licensing authority shall provide the applicant with a copy of the most recent "Request for Hearing to Challenge Disqualified Person Determination" form prescribed by the Department of Justice under this section.

(b) The department shall develop a "Request for Hearing to Challenge Disqualified Person Determination" form for use throughout the state. The form shall include an authorization for the release of the applicant's criminal history records to the appropriate court solely for use in the hearing conducted pursuant to this section. The "Request for Hearing to Challenge Disqualified Person Determination" form is deemed to be a local form expressly exempt from the requirements of the Administrative Procedure Act (Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code).

(c) Except as specified in paragraph (2), an applicant shall have 30 days after the receipt of the notice of denial described in subdivision (a) to request a hearing to review the denial or revocation from the superior court of their county of residence or, for nonresident applicants, the county in which the application was submitted. The request for hearing shall be made on the "Request for Hearing to Challenge Disqualified Person Determination" form prescribed by the department.

(1) Nothing in this section prevents a licensing authority from requiring an applicant to use and exhaust any process for appealing a denial or revocation that may be offered by the licensing authority prior to 30 days after the receipt of the notice of denial described in subdivision (a) before the applicant may request a hearing as described in this subdivision. Licensing authorities that require applicants to use such a process shall resolve any appeal within 60 days of when the appeal is filed.

(2) If an applicant uses and exhausts any process for appealing a denial or revocation that is offered by the licensing authority as described in paragraph (1), an applicant shall have 30 days after receiving notice of an unsuccessful appeal to request a hearing to review the denial or revocation from the superior court of their county of residence. The request for hearing shall be made on the "Request for Hearing to Challenge Disqualified Person Determination" form prescribed by the department.

(d) (1) An applicant who has requested a hearing under this section shall be given a hearing. The clerk of the court shall set a hearing date and notify the person, the licensing authority, the department, and the district attorney. The people of the State of California shall be the plaintiff in the proceeding and shall be represented by the district attorney. Within 14 days after receiving from the clerk of the court the request for a hearing, the department shall file copies of the applicant's criminal history report described in this section with the superior court under seal, if the department received the applicant's fingerprints from the licensing authority, and the licensing authority shall file any records or reports on which it relied in denying or revoking the license at issue with the superior court. The licensing authority may also, or instead, file a declaration that summarizes the information it relied upon in denying or revoking the license at issue. The reports filed by the department and the licensing authority shall be disclosed to the person and to the district attorney upon request. The court, upon motion of the applicant establishing that confidential information is likely to be discussed during the hearing that would cause harm to the person, shall conduct the hearing in camera, with only the relevant parties present, unless the court finds that the public interest would be better served by conducting the hearing in public.

(2) The court shall set the hearing within 60 days of receipt of the request for a hearing. Upon showing good cause, the district attorney shall be entitled to a continuance not to exceed 30 days after the district attorney

was notified of the hearing date by the clerk of the court. If additional continuances are granted, the total length of time for continuances shall not exceed 60 days.

(3) Notwithstanding any other law, declarations, police reports, including criminal history information, and any other material and relevant evidence that is not excluded under Section 352 of the Evidence Code shall be admissible at the hearing under this section.

(e) The people shall bear the burden of showing by a preponderance of the evidence that the applicant is a disqualified person in accordance with Section 26202.

(f) If the court finds at the hearing that the people have not met their burden, or if the district attorney declines or fails to go forward in the hearing, the court shall order as follows:

(1) If the applicant was denied a new license or license renewal, the court shall order that the person shall not be deemed a disqualified person to receive a new license or license renewal pursuant to Section 26150, 26155, or 26170, and that the licensing authority issue notice to proceed with the training requirements and submit the applicant's fingerprints or the renewal notification in accordance with paragraph (1) of subdivision (d) of Section 26202. The Department of Justice shall then confirm the applicant's eligibility to possess, receive, own, or purchase a firearm in a manner prescribed through regulations. A copy of the order shall be submitted to the Department of Justice.

(2) If the applicant's license was revoked, the court shall order that the person's license be reinstated with the original expiration date extended by the length of time between the date of the revocation notice provided under paragraph (3) of subdivision (b) of Section 26195 and the date of the court's order so long as the Department of Justice confirms the applicant's eligibility to possess, receive, own, or purchase a firearm in a manner prescribed through regulation. A copy of the order shall be submitted to the Department of Justice.

(g) If the court finds that the people have met their burden to show by a preponderance of the evidence that the applicant is a disqualified person in accordance with Section 26202, the court shall inform the person of their right to file a subsequent application for a license no sooner than two years from the date of the hearing.

(h) If an applicant has been denied a license or had a license revoked based on any ground outlined in Section 26202 two or more times in a 10-year period, which determination was either not challenged or upheld at a hearing under this section, any subsequent hearings under this section for the applicant shall be conducted as described in this section, with the exception that the burden of proof shall be on the applicant to establish by a preponderance of the evidence that the applicant is not a disqualified person in accordance with Section 26202.

(i) If a new license or license renewal pursuant to Section 26150, 26155, or 26170 is denied or revoked based on the applicant's failure to satisfy paragraph (2), (3), (4), or (5) of subdivision (a) of Section 26150, paragraph (2), (3), (4), or (5) of subdivision (a) of Section 26155, or paragraph (2), (3), or (4) of subdivision (a) of Section 26170, the licensing authority shall provide the applicant with the notice required under Section 26205 or paragraph (3) of subdivision (b) of Section 26195, as applicable, and inform the applicant that they may apply to the superior court of the county in which they reside for a writ of mandate pursuant to Section 1085 of the Code of Civil Procedure. Except as specified in paragraph (2), the application for writ of mandate shall be made within 30 days after the receipt of the notice of denial or the notice of revocation.

(1) Nothing in this section prevents a licensing authority from requiring an applicant to use and exhaust any process for appealing a denial or revocation that may be offered by the licensing authority prior to 30 days after the receipt of the notice of denial described in subdivision (a). Licensing authorities that require applicants to use such a process shall resolve any appeal within 60 days of when the appeal is filed.

(2) If an applicant uses and exhausts any process for appealing a denial or revocation that is offered by the licensing authority as described in paragraph (1), an applicant shall have 30 days after receiving notice of an unsuccessful appeal to file the application for writ of mandate described in this subdivision.

(j) For the purposes of this section, "criminal history report" is defined as information provided by the Department of Justice in accordance with subdivision (a) of Section 26185, paragraph (2) of subdivision (b) of Section 26185, and paragraph (3) of subdivision (c) of Section 26185, as well as firearms eligibility notices or any other information subsequently provided to the licensing authority regarding the applicant.

**SEC. 11.** Section 26225 of the Penal Code is amended to read:

**26225.** (a) A record of the following shall be maintained in the office of the licensing authority:

(1) The denial of a license.

(2) The denial of an amendment to a license.

(3) The issuance of a license.

(4) The amendment of a license.

(5) The revocation of a license.

(b) Copies of each of the following shall be filed immediately by the licensing authority with the Department of Justice, in a manner as prescribed by the Attorney General:

(1) The denial of a license.

(2) The denial of an amendment to a license.

(3) The issuance of a license.

(4) The amendment of a license.

(5) The revocation of a license.

(c) (1) Commencing on or before January 1, 2000, and annually thereafter, each licensing authority shall submit to the Attorney General the total number of licenses issued to peace officers pursuant to Section 26170, and to judges pursuant to Section 26150 or 26155.

(2) The Attorney General shall collect and record the information submitted pursuant to this subdivision by county and licensing authority.

(d) The Department of Justice may adopt emergency regulations for the purpose of implementing Sections 26150 to 26230, inclusive, Section 29805, and Section 31635. The adoption of emergency regulations shall be deemed to be an emergency and necessary for the immediate preservation of the public peace, health and safety, or general welfare for purposes of Sections 11346.1 and 11349.6 of the Government Code. Emergency regulations adopted pursuant to this section shall be exempt from review by the Office of Administrative Law. The emergency regulations authorized by this section shall be submitted to the Office of Administrative Law for filing with the Secretary of State and shall remain in effect no later than two years after the effective date of the act that added this subdivision.

(e) If a licenseholder fails to submit an application for renewal within 90 days of the expiration of their license, the licensing authority shall immediately request that the department terminate state or federal subsequent notification pursuant to subdivision (d) of Section 11105.2.

**SEC. 12.** Section 26230 of the Penal Code is amended to read:

**26230.** (a) A person granted a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person pursuant to Section 26150, 26155, or 26170 shall not carry a firearm on or into any of the following:

(1) A place prohibited by Section 626.9.

(2) A building, real property, or parking area under the control of a preschool or childcare facility, including a room or portion of a building under the control of a preschool or childcare facility. This paragraph does not prevent the operator of a childcare facility in a family home from owning or possessing a firearm in the home if no child under childcare at the home is present in the home or the firearm in the home is unloaded, stored in a locked container, and stored separately from ammunition when a child under childcare at the home is present in the home so long as the childcare provider notifies clients that there is a firearm in the home.

(3) A building, parking area, or portion of a building under the control of an officer of the executive or legislative branch of the state government, except as allowed pursuant to paragraph (2) of subdivision (b) of Section 171c.

(4) A building designated for a court proceeding, including matters before a superior court, district court of appeal, or the California Supreme Court, parking area under the control of the owner or operator of that building, or a building or portion of a building under the control of the Supreme Court, unless the person is a justice, judge, or commissioner of that court.

(5) A building, parking area, or portion of a building under the control of a unit of local government, unless the firearm is being carried for purposes of training pursuant to Section 26165.

(6) A building, real property, and parking area under the control of an adult or juvenile detention or correctional institution, prison, or jail.

(7) A building, real property, and parking area under the control of a public or private hospital or hospital affiliate, mental health facility, nursing home, medical office, urgent care facility, or other place at which medical services are customarily provided.

(8) A bus, train, or other form of transportation paid for in whole or in part with public funds, and a building, real property, or parking area under the control of a transportation authority supported in whole or in part with public funds, unless the firearm is unloaded and is locked in a lock box, as defined in subdivision (y) of Section 4082 of, and subdivision (b) of Section 4094 of, Title 11 of the California Code of Regulations, which is a firearm safety device, as defined in Section 16540, and that is listed on the department's Roster of Firearm Safety Devices Certified for Sale pursuant to Sections 23650 and 23655, for the purpose of transporting the firearm.

(9) A building, real property, and parking area under the control of a vendor or an establishment where intoxicating liquor is sold for consumption on the premises.

(10) A public gathering or special event conducted on property open to the public that requires the issuance of a permit from a federal, state, or local government and sidewalk or street immediately adjacent to the public gathering or special event but is not more than 1,000 feet from the event or gathering, provided this prohibition shall not apply to a licensee who must walk through a public gathering in order to access their residence, place of business, or vehicle.

(11) A playground or public or private youth center, as defined in Section 626.95, and a street or sidewalk immediately adjacent to the playground or youth center.

(12) A park, athletic area, or athletic facility that is open to the public and a street or sidewalk immediately adjacent to those areas, provided this prohibition shall not apply to a licensee who must walk through such a place in order to access their residence, place of business, or vehicle.

(13) Real property under the control of the Department of Parks and Recreation or Department of Fish and Wildlife, except those areas designated for hunting pursuant to Section 5003.1 of the Public Resources Code, Section 4501 of Title 14 of the California Code of Regulations, or any other designated public hunting area, public shooting ground, or building where firearm possession is permitted by applicable law.

(14) An area under the control of a public or private community college, college, or university, including, but not limited to, buildings, classrooms, laboratories, medical clinics, hospitals, artistic venues, athletic fields or venues, entertainment venues, officially recognized university-related organization properties, whether owned or leased, and real property, including parking areas, sidewalks, and common areas.

(15) A building, real property, or parking area that is or would be used for gambling or gaming of any kind whatsoever, including, but not limited to, casinos, gambling establishments, gaming clubs, bingo operations, facilities licensed by the California Horse Racing Board, or a facility wherein banked or percentage games, any form of gambling device, or lotteries, other than the California State Lottery, are or will be played.

(16) A stadium, arena, or the real property or parking area under the control of a stadium, arena, or a collegiate or professional sporting or eSporting event.

(17) A building, real property, or parking area under the control of a public library.

(18) A building, real property, or parking area under the control of an airport or passenger vessel terminal, as those terms are defined in subdivision (a) of Section 171.5.

(19) A building, real property, or parking area under the control of an amusement park.

(20) A building, real property, or parking area under the control of a zoo or museum.

(21) A street, driveway, parking area, property, building, or facility, owned, leased, controlled, or used by a nuclear energy, storage, weapons, or development site or facility regulated by the federal Nuclear Regulatory Commission.

(22) A church, synagogue, mosque, or other place of worship, including in any parking area immediately adjacent thereto, unless the operator of the place of worship clearly and conspicuously posts a sign at the entrance of the building or on the premises indicating that licenseholders are permitted to carry firearms on the property. Signs shall be of a uniform design as prescribed by the Department of Justice and shall be at least four inches by six inches in size.

(23) A financial institution or parking area under the control of a financial institution.

(24) A police, sheriff, or highway patrol station or parking area under control of a law enforcement agency.

(25) A polling place, voting center, precinct, or other area or location where votes are being cast or cast ballots are being returned or counted, or the streets or sidewalks immediately adjacent to any of these places.

(26) Any other privately owned commercial establishment that is open to the public, unless the operator of the establishment clearly and conspicuously posts a sign at the entrance of the building or on the premises indicating that licenseholders are permitted to carry firearms on the property. Signs shall be of a uniform design as prescribed by the Department of Justice and shall be at least four inches by six inches in size.

(27) Any other place or area prohibited by other provisions of state law.

(28) Any other place or area prohibited by federal law.

(29) Any other place or area prohibited by local law.

(b) Notwithstanding subdivision (a), except under paragraph (21) or (28) of subdivision (a), a licensee may transport a firearm and ammunition within their vehicle so long as the firearm is locked in a lock box, as defined in subdivision (y) of Section 4082 of, and subdivision (b) of Section 4094 of, Title 11 of the California Code of Regulations, which is a firearm safety device, as defined in Section 16540, and that is listed on the department's Roster of Firearm Safety Devices Certified for Sale pursuant to Sections 23650 and 23655. This subdivision does not preempt local laws placing more restrictive requirements upon the storage of firearms in vehicles.

(c) Notwithstanding subdivision (a), except under paragraph (21) or (28) of subdivision (a), a licensee prohibited from carrying a concealed firearm into the parking area of a prohibited location specified in subdivision (a) shall be allowed to:

(1) Transport a concealed firearm or ammunition within a vehicle into or out of the parking area so long as the firearm is locked in a lock box.

(2) Store ammunition or a firearm within a locked lock box and out of plain view within the vehicle in the parking area. This paragraph does not preempt local laws placing more restrictive requirements upon the storage of firearms in vehicles.

(3) Transport a concealed firearm in the immediate area surrounding their vehicle within a prohibited parking lot area only for the limited purpose of storing or retrieving a firearm within a locked lock box in the vehicle's trunk or other place inside the vehicle that is out of plain view.

(d) For purposes of subdivision (c), a lock box is an item as defined in subdivision (y) of Section 4082 of, and subdivision (b) of Section 4094 of, Title 11 of the California Code of Regulations, which is a firearm safety device, as defined in Section 16540, and that is listed on the Department's Roster of Firearm Safety Devices Certified for Sale pursuant to Sections 23650 and 23655.

(e) For purposes of subdivisions (b) and (c), a lock box that was listed on the Department's Roster of Firearm Safety Devices Certified for Sale at the time it was purchased by the licensee shall be deemed to be a compliant lock box.

(f) Except in the places specified in paragraph (14) of subdivision (a), a licensee shall not be in violation of this section while they are traveling along a public right-of-way that touches or crosses any of the premises identified in subdivision (a) if the concealed firearm is carried on their person in accordance with the provisions of this act or is being transported in a vehicle by the licensee in accordance with all other applicable provisions of law. This section does not allow a person to loiter or remain in a place longer than necessary to complete their travel.

(g) This section does not prohibit the carrying of a firearm where it is otherwise expressly authorized by law.
**SEC. 13.** Section 26835 of the Penal Code is amended to read:

**26835.** (a) A licensee shall conspicuously post within the licensed premises the following warnings in block letters not less than one inch in height:

(1) "FIREARMS MUST BE HANDLED RESPONSIBLY AND SECURELY STORED TO PREVENT ACCESS BY CHILDREN AND OTHER UNAUTHORIZED USERS. CALIFORNIA HAS STRICT LAWS PERTAINING TO FIREARMS, AND YOU MAY BE FINED OR IMPRISONED IF YOU FAIL TO COMPLY WITH THEM. VISIT THE WEBSITE OF THE CALIFORNIA ATTORNEY GENERAL AT HTTPS://OAG.CA.GOV/FIREARMS FOR INFORMATION ON FIREARM LAWS APPLICABLE TO YOU AND HOW YOU CAN COMPLY."

(2) "IF YOU KEEP A FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL, AND A PERSON UNDER 18 YEARS OF AGE OBTAINS IT AND USES IT, RESULTING IN INJURY OR DEATH, OR CARRIES IT TO A PUBLIC PLACE, YOU MAY BE GUILTY OF A MISDEMEANOR OR A FELONY UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER OR LOCKED THE FIREARM WITH A LOCKING DEVICE TO KEEP IT FROM TEMPORARILY FUNCTIONING."

(3) "CHILDREN MAY BE UNABLE TO DISTINGUISH FIREARMS FROM TOYS AND MAY OPERATE FIREARMS, CAUSING SEVERE INJURIES OR DEATH. IF YOU KEEP A FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL, AND A PERSON UNDER 18 YEARS OF AGE GAINS ACCESS TO THE FIREARM AND CARRIES IT OFF-PREMISES, YOU MAY BE GUILTY OF A MISDEMEANOR, UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER, OR LOCKED THE FIREARM WITH A LOCKING DEVICE TO KEEP IT FROM TEMPORARILY FUNCTIONING."

(4) "YOU MAY BE GUILTY OF A MISDEMEANOR, INCLUDING A SIGNIFICANT FINE OR IMPRISONMENT, IF YOU KEEP A FIREARM WHERE A MINOR IS LIKELY TO ACCESS IT OR IF A MINOR OBTAINS AND IMPROPERLY USES IT, OR CARRIES IT OFF OF THE PREMISES TO A SCHOOL OR SCHOOL-SPONSORED EVENT, UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER OR LOCKED THE FIREARM WITH A LOCKING DEVICE."

(5) "IF YOU NEGLIGENTLY STORE OR LEAVE A FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL WHERE A PERSON UNDER 18 YEARS OF AGE IS LIKELY TO ACCESS IT, YOU MAY BE GUILTY OF A MISDEMEANOR, INCLUDING A SIGNIFICANT FINE, UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER OR LOCKED THE FIREARM WITH A LOCKING DEVICE."

(6) "DISCHARGING FIREARMS IN POORLY VENTILATED AREAS, CLEANING FIREARMS, OR HANDLING AMMUNITION MAY RESULT IN EXPOSURE TO LEAD, A SUBSTANCE KNOWN TO CAUSE BIRTH DEFECTS, REPRODUCTIVE HARM, AND OTHER SERIOUS PHYSICAL INJURY. HAVE ADEQUATE VENTILATION AT ALL TIMES. WASH HANDS THOROUGHLY AFTER EXPOSURE."

(7) "FEDERAL REGULATIONS PROVIDE THAT IF YOU DO NOT TAKE PHYSICAL POSSESSION OF THE FIREARM THAT YOU ARE ACQUIRING OWNERSHIP OF WITHIN 30 DAYS AFTER YOU COMPLETE THE INITIAL BACKGROUND CHECK PAPERWORK, THEN YOU HAVE TO GO THROUGH THE BACKGROUND CHECK PROCESS A SECOND TIME IN ORDER TO TAKE PHYSICAL POSSESSION OF THAT FIREARM."

(8) "NO PERSON SHALL MAKE AN APPLICATION TO PURCHASE MORE THAN ONE FIREARM WITHIN ANY 30-DAY PERIOD AND NO DELIVERY SHALL BE MADE TO ANY PERSON WHO HAS MADE AN APPLICATION TO PURCHASE MORE THAN ONE FIREARM WITHIN ANY 30-DAY PERIOD."

(9) "IF A FIREARM YOU OWN OR POSSESS IS LOST OR STOLEN, YOU MUST REPORT THE LOSS OR THEFT TO A LOCAL LAW ENFORCEMENT AGENCY WHERE THE LOSS OR THEFT OCCURRED WITHIN FIVE DAYS OF THE TIME YOU KNEW OR REASONABLY SHOULD HAVE KNOWN THAT THE FIREARM HAD BEEN LOST OR STOLEN."

(b) (1) In addition to the notice required by subdivision (a), a licensee shall post conspicuously within the licensed premises, on a contrasting background and written in block letters not less than one inch in height, an additional notice containing the following statement:

"WARNING:

IF YOU OR A LOVED ONE IS EXPERIENCING DISTRESS OR DEPRESSION OR IS CONTEMPLATING SUICIDE, PLEASE CALL 988 (THE 988 SUICIDE AND CRISIS LIFELINE).

ACCESS TO A FIREARM IN THE HOME SIGNIFICANTLY INCREASES THE RISK OF SUICIDE, DEATH, AND INJURY DURING DOMESTIC VIOLENCE DISPUTES, AND THE UNINTENTIONAL DEATH AND TRAUMATIC INJURY TO CHILDREN, HOUSEHOLD MEMBERS, AND GUESTS."

(2) The statement in paragraph (1) shall be posted on the counter of one of the main gun displays or within five feet of the cash register. In the case that posting the statement on the counter of a gun display or within five feet of the cash register is impossible, the licensed dealer shall post the statement conspicuously within the licensed premises. The statement shall not be placed on the floor or the ceiling of the premises.

(3) The word "WARNING" in paragraph (1) shall be on a separate line above the other text in the statement.

(4) The sentence "IF YOU OR A LOVED ONE IS EXPERIENCING DISTRESS OR DEPRESSION OR IS CONTEMPLATING SUICIDE, PLEASE CALL 988 (THE 988 SUICIDE AND CRISIS LIFELINE)." in paragraph (1) shall be on a separate line below "WARNING" and above the other text in the statement.

(c) This section shall become inoperative on April 1, 2026, and, as of January 1, 2027, is repealed.
**SEC. 14.** Section 26835 is added to the Penal Code, to read:

**26835.** (a) A licensee shall conspicuously post within the licensed premises the following warnings in block letters not less than one inch in height:

(1) "FIREARMS MUST BE HANDLED RESPONSIBLY AND SECURELY STORED TO PREVENT ACCESS BY CHILDREN AND OTHER UNAUTHORIZED USERS. CALIFORNIA HAS STRICT LAWS PERTAINING TO FIREARMS, AND YOU MAY BE FINED OR IMPRISONED IF YOU FAIL TO COMPLY WITH THEM. VISIT THE WEBSITE OF THE CALIFORNIA ATTORNEY GENERAL AT HTTPS://OAG.CA.GOV/FIREARMS FOR INFORMATION ON FIREARM LAWS APPLICABLE TO YOU AND HOW YOU CAN COMPLY."

(2) "IF YOU KEEP A FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL, AND A PERSON UNDER 18 YEARS OF AGE OBTAINS IT AND USES IT, RESULTING IN INJURY OR DEATH, OR CARRIES IT TO A PUBLIC PLACE, YOU MAY BE GUILTY OF A MISDEMEANOR OR A FELONY UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER OR LOCKED THE FIREARM WITH A LOCKING DEVICE TO KEEP IT FROM TEMPORARILY FUNCTIONING."

(3) "CHILDREN MAY BE UNABLE TO DISTINGUISH FIREARMS FROM TOYS AND MAY OPERATE FIREARMS, CAUSING SEVERE INJURIES OR DEATH. IF YOU KEEP A FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL, AND A PERSON UNDER 18 YEARS OF AGE GAINS ACCESS TO THE FIREARM AND CARRIES IT OFF-PREMISES, YOU MAY BE GUILTY OF A MISDEMEANOR, UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER, OR LOCKED THE FIREARM WITH A LOCKING DEVICE TO KEEP IT FROM TEMPORARILY FUNCTIONING."

(4) "YOU MAY BE GUILTY OF A MISDEMEANOR, INCLUDING A SIGNIFICANT FINE OR IMPRISONMENT, IF YOU KEEP A FIREARM WHERE A MINOR IS LIKELY TO ACCESS IT OR IF A MINOR OBTAINS AND IMPROPERLY USES IT, OR CARRIES IT OFF OF THE PREMISES TO A SCHOOL OR SCHOOL-SPONSORED EVENT, UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER OR LOCKED THE FIREARM WITH A LOCKING DEVICE."

(5) "IF YOU NEGLIGENTLY STORE OR LEAVE A FIREARM WITHIN ANY PREMISES UNDER YOUR CUSTODY OR CONTROL WHERE A PERSON UNDER 18 YEARS OF AGE IS LIKELY TO ACCESS IT, YOU MAY BE GUILTY OF A MISDEMEANOR, INCLUDING A SIGNIFICANT FINE, UNLESS YOU STORED THE FIREARM IN A LOCKED CONTAINER OR LOCKED THE FIREARM WITH A LOCKING DEVICE."

(6) "DISCHARGING FIREARMS IN POORLY VENTILATED AREAS, CLEANING FIREARMS, OR HANDLING AMMUNITION MAY RESULT IN EXPOSURE TO LEAD, A SUBSTANCE KNOWN TO CAUSE BIRTH DEFECTS, REPRODUCTIVE HARM, AND OTHER SERIOUS PHYSICAL INJURY. HAVE ADEQUATE VENTILATION AT ALL TIMES. WASH HANDS THOROUGHLY AFTER EXPOSURE."

(7) "FEDERAL REGULATIONS PROVIDE THAT IF YOU DO NOT TAKE PHYSICAL POSSESSION OF THE FIREARM THAT YOU ARE ACQUIRING OWNERSHIP OF WITHIN 30 DAYS AFTER YOU COMPLETE THE INITIAL BACKGROUND CHECK PAPERWORK, THEN YOU HAVE TO GO THROUGH THE BACKGROUND CHECK PROCESS A SECOND TIME IN ORDER TO TAKE PHYSICAL POSSESSION OF THAT FIREARM."

(8) "NO PERSON SHALL MAKE AN APPLICATION TO PURCHASE ONE OR MORE FIREARMS THAT WOULD RESULT IN THE PURCHASE OF MORE THAN THREE FIREARMS CUMULATIVELY WITHIN ANY 30-DAY PERIOD AND NO DELIVERY SHALL BE MADE TO ANY PERSON WHO HAS MADE AN APPLICATION TO PURCHASE ONE OR MORE FIREARMS THAT WOULD RESULT IN THE PURCHASE OF MORE THAN THREE FIREARMS CUMULATIVELY WITHIN THE 30-DAY PERIOD PRECEDING THE DATE OF THE APPLICATION, INCLUSIVE."

(9) "IF A FIREARM YOU OWN OR POSSESS IS LOST OR STOLEN, YOU MUST REPORT THE LOSS OR THEFT TO A LOCAL LAW ENFORCEMENT AGENCY WHERE THE LOSS OR THEFT OCCURRED WITHIN FIVE DAYS OF THE TIME YOU KNEW OR REASONABLY SHOULD HAVE KNOWN THAT THE FIREARM HAD BEEN LOST OR STOLEN."

(b) (1) In addition to the notice required by subdivision (a), a licensee shall post conspicuously within the licensed premises, on a contrasting background and written in block letters not less than one inch in height, an additional notice containing the following statement:

"WARNING:

IF YOU OR A LOVED ONE IS EXPERIENCING DISTRESS OR DEPRESSION OR IS CONTEMPLATING SUICIDE, PLEASE CALL 988 (THE 988 SUICIDE AND CRISIS LIFELINE).

ACCESS TO A FIREARM IN THE HOME SIGNIFICANTLY INCREASES THE RISK OF SUICIDE, DEATH, AND INJURY DURING DOMESTIC VIOLENCE DISPUTES, AND THE UNINTENTIONAL DEATH AND TRAUMATIC INJURY TO CHILDREN, HOUSEHOLD MEMBERS, AND GUESTS."

(2) The statement in paragraph (1) shall be posted on the counter of one of the main gun displays or within five feet of the cash register. In the case that posting the statement on the counter of a gun display or within five feet of the cash register is impossible, the licensed dealer shall post the statement conspicuously within the licensed premises. The statement shall not be placed on the floor or the ceiling of the premises.

(3) The word "WARNING" in paragraph (1) shall be on a separate line above the other text in the statement.

(4) The sentence "IF YOU OR A LOVED ONE IS EXPERIENCING DISTRESS OR DEPRESSION OR IS CONTEMPLATING SUICIDE, PLEASE CALL 988 (THE 988 SUICIDE AND CRISIS LIFELINE)." in paragraph (1) shall be on a separate line below "WARNING" and above the other text in the statement.

(c) This section shall become operative on April 1, 2026.
**SEC. 15.** Section 27535 of the Penal Code is amended to read:

**27535.** (a) A person shall not make an application to purchase more than one firearm within any 30-day period. This subdivision does not authorize a person to make an application to purchase a combination of firearms, completed frames or receivers, or firearm precursor parts within the same 30-day period.

(b) Subdivision (a) does not apply to any of the following:

(1) Any law enforcement agency.

(2) Any agency duly authorized to perform law enforcement duties.

(3) Any state or local correctional facility.

(4) Any private security company licensed to do business in California.

(5) Any person who is properly identified as a full-time paid peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, and who is authorized to, and does carry a firearm during the course and scope of employment as a peace officer.

(6) Any motion picture, television, or video production company or entertainment or theatrical company whose production by its nature involves the use of a firearm.

(7) Any person who may, pursuant to Article 2 (commencing with Section 27600), Article 3 (commencing with Section 27650), or Article 4 (commencing with Section 27700), claim an exemption from the waiting period set forth in Section 27540.

(8) Any private party transaction where the seller is, at the time of the transaction, required under state law or by court order to relinquish all firearms.

(9) Any private party transaction where the seller is any of the following:

(A) The personal representative of a decedent's estate who is transferring the firearms to one or more heirs or beneficiaries of the decedent's estate pursuant to the decedent's will or the laws of intestate succession.

(B) The holder of the decedent's property who is transferring the firearms pursuant to Section 13101 of the Probate Code to the successor of the decedent, as defined in Section 13006 of the Probate Code, or to the

surviving spouse of the decedent pursuant to Section 13500 of the Probate Code.

(C) The trustee of a trust who is transferring the firearms to one or more trust beneficiaries upon the death of a settlor of the trust.

(10) Any person who is licensed as a collector pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, and has a current certificate of eligibility issued by the Department of Justice pursuant to Article 1 (commencing with Section 26700) of Chapter 2.

(11) The exchange of a firearm where the dealer purchased that firearm from the person seeking the exchange within the 30-day period immediately preceding the date of exchange or replacement.

(12) The replacement of a firearm if the person's firearm was lost or stolen, and the person reported that firearm lost or stolen pursuant to Section 25250 prior to the completion of the application to purchase the replacement.

(13) The return of any firearm to its owner.

(14) A community college that is certified by the Commission on Peace Officer Standards and Training to present the law enforcement academy basic course or other commission-certified law enforcement training.

(c) This section shall become inoperative on April 1, 2026, and, as of January 1, 2027, is repealed.
**SEC. 16.** Section 27535 is added to the Penal Code, to read:

**27535.** (a) A person shall not make an application to purchase one or more firearms that would result in the purchase of more than three firearms cumulatively within any 30-day period. This subdivision does not authorize a person to make an application or applications to purchase a combination of firearms, completed frames or receivers, or firearm precursor parts within the same 30-day period.

(b) Subdivision (a) does not apply to any of the following:

(1) Any law enforcement agency.

(2) Any agency duly authorized to perform law enforcement duties.

(3) Any state or local correctional facility.

(4) Any private security company licensed to do business in California.

(5) Any person who is properly identified as a full-time paid peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, and who is authorized to, and does carry a firearm during the course and scope of employment as a peace officer.

(6) Any motion picture, television, or video production company or entertainment or theatrical company whose production by its nature involves the use of a firearm.

(7) Any person who may, pursuant to Article 2 (commencing with Section 27600), Article 3 (commencing with Section 27650), or Article 4 (commencing with Section 27700), claim an exemption from the waiting period set forth in Section 27540.

(8) Any private party transaction where the seller is, at the time of the transaction, required under state law or by court order to relinquish all firearms.

(9) Any private party transaction where the seller is any of the following:

(A) The personal representative of a decedent's estate who is transferring the firearms to one or more heirs or beneficiaries of the decedent's estate pursuant to the decedent's will or the laws of intestate succession.

(B) The holder of the decedent's property who is transferring the firearms pursuant to Section 13101 of the Probate Code to the successor of the decedent, as defined in Section 13006 of the Probate Code, or to the surviving spouse of the decedent pursuant to Section 13500 of the Probate Code.

(C) The trustee of a trust who is transferring the firearms to one or more trust beneficiaries upon the death of a settlor of the trust.

(10) Any person who is licensed as a collector pursuant to Chapter 44 (commencing with Section 921) of Title 18 of the United States Code and the regulations issued pursuant thereto, and has a current certificate of eligibility issued by the Department of Justice pursuant to Article 1 (commencing with Section 26700) of Chapter 2.

(11) The exchange of a firearm where the dealer purchased that firearm from the person seeking the exchange within the 30-day period immediately preceding the date of exchange or replacement.

(12) The replacement of a firearm if the person's firearm was lost or stolen, and the person reported that firearm lost or stolen pursuant to Section 25250 prior to the completion of the application to purchase the replacement.

(13) The return of any firearm to its owner.

(14) A community college that is certified by the Commission on Peace Officer Standards and Training to present the law enforcement academy basic course or other commission-certified law enforcement training.

(c) This section shall become operative on April 1, 2026.

**SEC. 17.** Section 27540 of the Penal Code is amended to read:

**27540.** A dealer, whether or not acting pursuant to Chapter 5 (commencing with Section 28050), shall not deliver a firearm to a person, as follows:

(a) Within 10 days of the application to purchase, or, after notice by the department pursuant to Section 28220, within 10 days of the submission to the department of any correction to the application, or within 10 days of the submission to the department of any fee required pursuant to Section 28225, whichever is later.

(b) Unless unloaded and securely wrapped or unloaded and in a locked container.

(c) Unless the purchaser, transferee, or person being loaned the firearm presents clear evidence of the person's identity and age to the dealer.

(d) Whenever the dealer is notified by the Department of Justice that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(e) A firearm, including a handgun, shall not be delivered unless the purchaser, transferee, or person being loaned the firearm presents a firearm safety certificate to the dealer, except that in the case of a handgun, an unexpired handgun safety certificate may be presented.

(f) A firearm shall not be delivered whenever the dealer is notified by the Department of Justice that within the preceding 30-day period, the purchaser has made another application to purchase a handgun, semiautomatic centerfire rifle, completed frame or receiver, or firearm precursor part, and that the previous application to purchase did not involve any of the entities or circumstances specified in subdivision (b) of Section 27535.

(g) This section shall become inoperative on April 1, 2026, and, as of January 1, 2027, is repealed.

**SEC. 18.** Section 27540 is added to the Penal Code, to read:

**27540.** A dealer, whether or not acting pursuant to Chapter 5 (commencing with Section 28050), shall not deliver a firearm to a person, as follows:

(a) Within 10 days of the application to purchase, or, after notice by the department pursuant to Section 28220, within 10 days of the submission to the department of any correction to the application, or within 10 days of the submission to the department of any fee required pursuant to Section 28225, whichever is later.

(b) Unless unloaded and securely wrapped or unloaded and in a locked container.

(c) Unless the purchaser, transferee, or person being loaned the firearm presents clear evidence of the person's identity and age to the dealer.

(d) Whenever the dealer is notified by the Department of Justice that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(e) A firearm, including a handgun, shall not be delivered unless the purchaser, transferee, or person being loaned the firearm presents a firearm safety certificate to the dealer, except that in the case of a handgun, an

unexpired handgun safety certificate may be presented.

(f) A firearm shall not be delivered whenever the dealer is notified by the Department of Justice that the purchaser has made an application to purchase one or more firearms that would result in the purchase of more than three firearms cumulatively within the 30-day period preceding the date of the application, inclusive, including any handgun, semiautomatic centerfire rifle, completed frame or receiver, or firearm precursor part, and that the application or applications to purchase did not involve any of the entities or circumstances specified in subdivision (b) of Section 27535.

(g) This section shall become operative on April 1, 2026.

**SEC. 19.** Section 29800 of the Penal Code is amended to read:

**29800.** (a) (1) Any person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country, or of an offense enumerated in subdivision (a), (b), or (d) of Section 23515, or who is addicted to the use of any narcotic drug, and who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony.

(2) Any person who has two or more convictions for violating paragraph (2) of subdivision (a) of Section 417 and who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony.

(3) Any person who has an outstanding warrant for any offense listed in this subdivision and who has knowledge of the outstanding warrant, and who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony.

(b) Notwithstanding subdivision (a), any person who has been convicted of a felony or of an offense enumerated in Section 23515, when that conviction results from certification by the juvenile court for prosecution as an adult in an adult court under Section 707 of the Welfare and Institutions Code, and who owns or has in possession or under custody or control any firearm is guilty of a felony.

(c) Subdivision (a) shall not apply to a conviction or warrant for a felony under the laws of the United States unless either of the following criteria, as applicable, is satisfied:

(1) Conviction of an offense under California law that includes comparable elements of the federal offense can only result in imposition of felony punishment.

(2) The defendant was sentenced to a federal correctional facility for more than 30 days, or received a fine of more than one thousand dollars ($1,000), or received both punishments.

(d) Subdivision (a) does not apply to a conviction for a nonviolent felony under the laws of any other state if both of the following criteria are satisfied:

(1) The conviction has been vacated, set aside, expunged, or otherwise dismissed under the laws of the state where the defendant was convicted.

(2) If the conviction resulted in a firearms prohibition under the laws of the state where the defendant was convicted, the vacatur, set aside, expungement, or dismissal of the conviction restored firearms rights under the laws of that state.

(e) Subdivision (a) does not apply to a conviction for a nonviolent felony under the laws of any other state if both of the following criteria are satisfied:

(1) The person received a full and unconditional pardon by the Governor of the other state for the felony conviction and the pardon restores civil rights that include firearms rights.

(2) The person was never convicted of a felony involving the use of a dangerous weapon, as that phrase is used in Sections 4852.17 and 4854.

(f) (1) As used in this section, "nonviolent felony" means an offense under the laws of any other state that does not include comparable elements constituting an offense listed in subdivision (c) of Section 667.5, subdivision (c) of Section 1192.7, subdivision (a) of Section 1192.8, Section 23515, or Section 29905.

(2) An attempt, conspiracy, or solicitation to commit an offense under the laws of any other state that includes comparable elements constituting an offense listed in subdivision (c) of Section 667.5, subdivision (c) of

Section 1192.7, subdivision (a) of Section 1192.8, Section 23515, or Section 29905 is not a "nonviolent felony," as used in this section.

(3) Aiding or abetting an offense under the laws of any other state that includes comparable elements constituting an offense listed in subdivision (c) of Section 667.5, subdivision (c) of Section 1192.7, subdivision (a) of Section 1192.8, Section 23515, or Section 29905 is not a "nonviolent felony," as used in this section.

**SEC. 20.** The provisions of this act are severable. If any provision of this act or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application.

**SEC. 21.** No reimbursement is required by this act pursuant to Section 6 of Article XIII B of the California Constitution for certain costs that may be incurred by a local agency or school district because, in that regard, this act creates a new crime or infraction, eliminates a crime or infraction, or changes the penalty for a crime or infraction, within the meaning of Section 17556 of the Government Code, or changes the definition of a crime within the meaning of Section 6 of Article XIII B of the California Constitution.

However, if the Commission on State Mandates determines that this act contains other costs mandated by the state, reimbursement to local agencies and school districts for those costs shall be made pursuant to Part 7 (commencing with Section 17500) of Division 4 of Title 2 of the Government Code.